34709.   JONES *v.* GEORGIA CASUALTY & SURETY CO.

Decided November 20, 1953.

*Adams & McDonald,* for plaintiff in error.

*Pittman, Hodge & Kinney, Dunaway, Howard & Embry,* contra.

QUILLIAN, J. Under the provisions of the policy involved in

this case, the plaintiff was insured against liability for injury or damages that he might do to others while operating an automobile. He was not the named insured in the policy, but he fell squarely within the definition of the insured as contained in the provisions of the policy quoted in the statement of the facts. It is true that there was a declaration of the insured, designated in the policy by name, to the effect that he was the sole owner of the automobiles therein described. The declaration was made a part of the policy and must be so considered.

However, the policy form involved in this case also contained provisions and wording in certain places therein to include comprehensive coverage, that is insuring the automobiles listed against loss caused by fire, theft, falling objects, explosion, earthquake, windstorm and the like, but it does not appear from the record that this coverage was included in the policy written in this case, since the blanks in the policy to be filled up in order to activate the comprehensive coverage were not filled in.

There do not appear to be any decisions of the appellate courts of this State on this particular point, but the weight of authority is that where the language of the policy form includes wording appropriate to comprehensive coverage, and the policy also insures against liability for damage done to others, the clause in the policy warranting the ownership of the listed automobiles to be in the named insured refers only to such coverage of the policy as is provided under the comprehensive feature of the policy or to fire, theft, and collision insurance provided by the policy, but not to the agreement of the insurer to satisfy such liability as the insured may incur by reason of injury to persons or damage to property in the operation of the automobile. "Provisions in a policy requiring sole and unconditional ownership and freedom from incumbrances do not affect the liability of the insurer when the policy is on a combination form and the provisions in question were not intended to be applicable to the kinds of coverage provided." 6 Blashfield's Encyclopedia of Automobile Law and Practice 652, § 3962. (See n. 6.10).

One of the insuring agreements of the policy in this case, which is included within the coverage provided by the policy as written, reads: "I. Coverage A.—Bodily Injury Liability. To

pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

In Alabama, where the law requires that, in order for a policy of insurance to be valid, the insured must have an insurable interest in the insured property, the law as pronounced by the Supreme Court of that State in Ocean Accident & Guarantee Corp. v. Baird, 220 Ala. 491 (2) (125 So. 676), is as follows: "If the insured in an automobile liability insurance policy has such abiding interest in use of automobile in his business that he may become legally liable to others for injuries resulting from its operation, he has an insurable interest." In that case, just as in the instant one, the employee had legal title to the automobile, the employer was the named insured in the policy, and the only insurance involved in the case was under substantially the same conditions as in the instant case. In Commonwealth Casualty Co. v. Arrigo, 160 Md. 595 (154 Atl. 136, 77 A. L. R. 1250), it is said (at page 1253 of 77 A. L. R.): "In deciding whether Malone had an insurable interest in the subject matter of the policy, we are to consider the character of the insurance. In cases like the one under consideration, the character of insurance is quite different from fire insurance, where the insurance is against injury or loss, by fire, of the property insured, and where the assured should have some real interest in the property insured. In the case before us, the risk and hazard insured against is not the injury or loss of the property named in the policy, but against loss and injury sustained by others, caused by the use of the property therein named, for which the assured, as its titled owner, might be liable, and the right of the assured to recover does not depend upon his being the holder in fact, of either a legal or equitable title in the property, but whether he, the holder of the title, as stated in the certificate of title issued by the motor vehicle commissioner and in the policy of insurance, is primarily charged at law or in equity with an obligation for which he is liable."

It is alleged in the petition that, though the insurer contended that the policy did not cover the plaintiff, Paul Jones, it elected

to defend the suit in behalf of Jones, "and thereby defend itself." The petition shows that the insurer in the present case, through its attorneys, assumed full control of the defense in the case in which Jones' liability to Mrs. Simmons' daughter, a party injured by his negligence in operating the automobile covered by the policy, was adjudicated, filed a defense on behalf of Jones in that case; and that thereafter a judgment was rendered against Jones, and the insurer filed a motion for a new trial in the plaintiff's name and later dismissed that motion. In the absence of an allegation in the petition, revealing that the insurer gave notice to Jones before assuming the defense of the case which was filed against him and in which his liability to a third party was adjudicated, that notwithstanding its defense of the case, the insurer did not thereby waive its right to insist that Jones was not covered by the policy; and it not appearing from the petition that Jones and the insurer entered into an agreement to that effect, the mere allegation that the insurer contended that Jones was not covered by the policy, without more, did not show any reservation on its part of a right to insist that the coverage of the policy was not extended to him.

The petition does not affirmatively show that there was any reservation of the insurer's right to rely upon the insistence that Jones was not covered by the policy, that is, that he did not come within the description of the insured as contained therein. If the insurer actually gave notice to Jones that its defense of the suit against him was being made without prejudice to its rights, or if there was an agreement to that effect between the insurer and Jones, the insurer may show in the present suit that the plaintiff, Jones, was not covered by the policy, although it defended the suit filed against him.

"The general rule supported by the great weight of authority is that if a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage. The insurer's conduct in this respect operates as an estoppel to later contest an action upon the policy, regardless of the fact that

there has been no misrepresentation or concealment of material facts on its part, and notwithstanding the facts may have been within the knowledge of the insured equally as well as within the knowledge of the insurer. The reason which impels the insurer to defend the suit or its good faith in doing so is likewise immaterial. Indeed, the fact that the insurer's conduct may have been due to a mistake of law does not in and of itself prevent such an estoppel of the insurer. Furthermore, an invitation to the counsel for the insured, refused by said counsel, to participate in the preparation and trial of the action brought against the insured, will not prevent an estoppel or waiver. Moreover, if the insurer in fact retains control over the defense of the action brought against the insured, an estoppel on its part to say that the injury was not one covered by the policy is not prevented by reason of the fact that the insured is permitted to, and does, participate in the defense through its or his own attorney.

"While some cases in this respect require prejudice to the insured to be shown, or proved, other cases hold that prejudice to the insured is conclusively presumed, or that the loss of the right to control and manage the case is itself sufficient prejudice to the insured. It has been deemed that the undertaking to defend may be of no value, but of great danger, to the insured if, after abandoning all control of the suit, he may yet be liable for a judgment against him." 29 Am. Jur. 672, 673, Insurance, § 878. "An insurer under an indemnity contract who takes charge of the defense of an action on which liability rests will be estopped from thereafter questioning the claim either because it was beyond the terms of the policy or because the policy was procured by a breach of some warranty." 81 A. L. R. 1322, note to Malley v. American Indemnity Corp., 297 Pa. 216(1) (146 Atl. 571).

Under the foregoing rules of law, the judge of the superior court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*