### 39056. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. ANDERSON.

DECIDED NOVEMBER 2, 1961—REHEARING DENIED
NOVEMBER 20, 1961.

*Pittman, Kinney & Pope, H. E. Kinney, L. Hugh Kemp,* for plaintiff in error.

*Mitchell & Mitchell, Erwin Mitchell, D. W. Mitchell,* contra.

HALL, Judge. It is the law of Georgia and "The general rule supported by the great weight of authority . . . that if a liability insurer, with knowledge of a ground of forfeiture or non-coverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage." *Jones v. Ga. Cas. &c. Co.,* 89 Ga. App. 181, 185 (78 SE2d 861); 81 ALR 1326, 1327; 38 ALR2d 1148, 1150. "The general rule of estoppel is . . . limited by the principle that a liability insurer may avoid the operation of the rule by giving the insured timely notice that, notwithstanding its defense of the action against him, it has not waived the defenses available to it against the insured. Such notice, to be effective, must fairly inform the insured of the insurer's position, and must be timely, although delay in giving notice will be excused where it is traceable to the insurer's lack of actual or constructive knowledge of the available defense." 38 ALR2d 1148, 1151. The consent of the insured to the non-waiver notice "either may be express or may be implied for [sic] the insured's tacit acquiescence in the insurer's unilateral reservation of rights"; e.g., where the insured, after receiving such notice, permits the insurer to continue the defense of the suit. 29A Am. Jur. 580, § 1467; 38 ALR2d 1148, 1175; Ancateau v. Commercial Casualty Ins. Co., 318 Ill. App. 553 (48 NE2d 440, 443); Salonen v. Paanenen, 320 Mass. 568 (71 NE2d 227, 232).

The case of *Jones v. Ga. Cas. &c. Co.,* 89 Ga. App. 181, supra, recognizes that estoppel will not work against a liability insurer, notwithstanding the insurer's participation in the defense of an action against the insured, if the insurer gives timely notice to the insured that it has not waived the benefit of a defense. 38 ALR2d 1148, 1161. However, there is no direct holding in Georgia on this point. We will here follow the general rule recognized in the *Jones* case.

The plaintiff does not contend that the facts alleged in the answer do not show that the insurance contract was void, nor deny the rule of estoppel, but does contend that the notice given

by the defendant to Parks was insufficient to inform Parks that the defendant reserved the right to deny liability because there was no contract; that the only reservation of right was to deny liability under the contract, recognizing the fact that there was a contract. With this contention we cannot agree. Irrespective of the effectiveness of the *"Authorization for Claim Service and Non-waiver of Rights"* signed by Parks on May 31, 1960, the language of defendant's letter of May 31, to Parks was broad enough to cover a denial of liability on the ground the policy was void, whether or not there was any breach of a warranty expressed in the policy. This was followed on June 8—only one day after the defendant filed an answer—by a letter informing him of the specific reason for their denial of liability. The notice was timely and sufficient to fairly inform the insured of the insurer's position. Insurors Indemnity &c. Co. v. Archer, 208 Okla. 57 (254 P2d 342); Gordon v. Massachusetts Bonding & Ins. Co., 229 N. Y. 424 (128 NE 204); McGee v. U. S. Fidelity &c. Co., 53 F.2d 953 (1st Cir. 1931).

In none of the cases cited by the plaintiff and none examined by this court is it held that when an insurer defends an action after giving the insured timely and sufficient notice that it is not waiving its right to deny liability, and the insured does not reject the insurer's defense under this condition, the insurer is nevertheless estopped to deny liability for a judgment against the insured.

The sustaining of plaintiff's general demurrer to the answer, therefore, was error. Accordingly, it is unnecessary to pass on defendant's other assignments of error.

*Judgment reversed. Felton, C. J., and Bell, J., concur.*