40519. GANT v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

DECIDED JANUARY 29, 1964.

*Randall Evans, Jr.,* for plaintiff in error.

*Hull, Willingham, Towill & Norman, Bernard J. Mulherin, James M. Hull, Jr., Jack D. Evans,* contra.

EBERHARDT, Judge. The salient issue in this appeal is whether the rights of the petitioning insurance company have already accrued. Notwithstanding the remedial nature of the Declaratory Judgments Act and the 1959 liberalizing amendment (Ga. L. 1959, p. 236), the rule is that a petition does not state a cause of action for a declaratory judgment where "the rights of the parties have already accrued" and there is no necessity to protect and guide petitioner "from uncertainty and insecurity with respect to the propriety of some future act or conduct." *Holcomb v. Bivens,* 103 Ga. App. 86 (118 SE2d 840) and citations.

The petition here alleges that the damage suit about which the declaration is sought is being defended by the law firm of Fulcher, Fulcher, Hagler & Harper. The damage suit was filed July 17, 1962, and service was perfected August 4, 1962. The declaratory judgment petition was presented to the trial judge for a temporary restraining order December 17, 1962, and was filed December 19, 1962. Thus almost five months passed between the perfection of service of the damage suit and the presentation of the declaratory judgment petition.

The primary position urged by Gant is that the petitioners need no guidance under the facts as alleged in the petition. We agree with this position. The time for filing an answer in the damage suit has long since passed, even if the fifteen additional days for opening a default as a matter of right are included. See *Code Ann.* §§ 81-201, 110-401. Either the law firm

defending the McCorkles in the damage suit was engaged to do so by State Farm, with whom McCorkle had his liability insurance, or it was not. If it was not so engaged and State Farm is affording no defense there are no exculpatory reasons alleged in the petition here. It may have been because McCorkle failed to inform State Farm of the pendency of the action, or he may have declined to accept the services of counsel whom State Farm selected to prepare and present the defense to the action. These, or similar reasons, would relieve State Farm of its obligation under the policy to prepare and present a timely defense to the action and if alleged would support the petition for declaratory judgment. But if State Farm has failed or refused to afford a defense to the damage action because it has made the determination that no coverage was afforded under its policy the rights, if any, of the parties had accrued before the declaratory judgment action was filed and the insurer needs no declaration to guide it as to any future action.

On the other hand, if State Farm has engaged the services of counsel who have filed pleadings and are defending the damage action it should appear in the petition here that it did so under a reservation of rights, for otherwise the rights of the parties on the matter of whether there was coverage or not had likewise accrued. "A liability insurer, which with knowledge of a ground of forfeiture or noncoverage under an insurance policy assumes and conducts the defense of an action brought against the insured, is thereafter estopped in an action upon the policy from asserting such forfeiture or noncoverage." *State Farm Mut. Auto. Ins. Co. v. Anderson,* 104 Ga. App. 815 (123 SE2d 191). Accord: *Jones v. Georgia Cas. &c. Co.,* 89 Ga. App. 181 (78 SE2d 861) ; *State Farm Mut. Ins. Co. v. Anderson,* 107 Ga. App. 348, 351 (2) (130 SE2d 144). This is not to say that if the fact or facts giving rise to the forfeiture or noncoverage came to light only after the insurer entered upon a defense of the action, or upon its trial, the estoppel would arise. Knowledge of those facts on its part before it enters upon the defense is essential to any estoppel. If an insurer has knowledge of the facts but does not feel safe in making a determination as

to a proper course of action it may enter upon a defense under a reservation of rights and then seek a declaratory judgment. The reservation may be effected by an agreement between the insurer and the insured or by the giving to the insured of proper notice of its position by the insurer. There are no allegations in the petition here that a defense has been undertaken or afforded under any reservation of rights or that the facts giving rise to the forfeiture or noncoverage have come to its attention since entering upon the defense.

In *Georgia Cas. &c. Co. v. Turner*, 86 Ga. App. 418 (71 SE2d 773) an allegation that the insurer entered upon the defense of the damage action under a reservation of rights was sufficient to entitle the insurer to proceed when other allegations were sufficient to show the existence of a justiciable controversy. Petitioner here relies upon *Turner* as authority that its petition was good as against the general demurrer, but measured by the allegations there we find that the petition here is deficient. The existence of a justiciable controversy is shown under the facts alleged but for the fact that the accrual of the rights of the parties before institution of the action appears from a construction of the petition against the plaintiff.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*