49614. WINTERS et al. v. GOVERNMENT EMPLOYEES INSURANCE COMPANY et al.

SUBMITTED SEPTEMBER 5, 1974 — DECIDED
SEPTEMBER 27, 1974.

758

*Hatcher & Cook, Donald E. Strickland,* for appellants.

*Perry, Walters, Lippitt & Custer, Jesse W. Walters,* for appellees.

DEEN, Judge.

The record in this case reveals the great dangers of optimism, especially in relation to assumptions of insurance coverage. This policy, as is usual, contains clauses demanding reportage of any accident or "incident" *as soon as practicable.* Defendant Winters' alleged failure to report (a contested issue) would have been due to the apparent lack of necessity under their view of the matter: that the Frazier vehicle, on the right, made a left turn in front of the Winters car; that there were no personal injuries; that insurance on behalf of Frazier paid the Winterses' property damage, and the matter was ended. They were served with Mrs. Frazier's personal injury action only two weeks before the statute of limitation would have attached, and immediately forwarded it to the insurer. These matters go to the merits of the insurer's declaratory judgment action and are not before us at present.

What happened between May 15, 1973, when the insurer received from Winters the Frazier suit papers and notice of accident, and October 31 when the letter containing a specific reservation of rights in regard to defense of the action was written, must determine the

estoppel question which is basis of the Winterses' motion for summary judgment. This is a period of slightly over five months during which the insurer's attorneys answered the tort action (June 8), sought discovery, and were in charge of the defense. If the agreement entered into on June 8 covers a reservation of rights in regard to the defense of the action, there can be no estoppel. *State Farm Mut. &c. Co. v. Anderson,* 107 Ga. App. 348, 351 (130 SE2d 144), but, as stated there and in the former appearance of the case (104 Ga. App. 815 (123 SE2d 191)), the notice must be "timely and sufficient." A different situation obtained in *Gant v. State Farm &c. Co.,* 109 Ga. App. 41 (134 SE2d 886), but there are relevant rulings to the effect that an insurer who assumes and conducts a defense with knowledge of a ground of forfeiture and without "proper notice" of a reservation of rights estops itself. In that case, as in this one, the tort action had not gone to judgment, and the time between the insurer's taking over the defense and filing the declaratory judgment was about five months. We conclude from these cases that a notice of reservation of rights by an insurer must be both timely and sufficient, and that the filing of an answer and taking charge of a defense for a period of five months without such notice constitutes an estoppel. *Jones v. Georgia Cas. & Surety Co.,* 89 Ga. App. 181 (78 SE2d 861) contains a similar holding, but there the tort action had resulted in a judgment against the putative insured before the question was raised. In *Home Indemnity Co. v. Godley,* 122 Ga. App. 356 (1) (177 SE2d 105), it was held by a divided court that defense of an original tort action subsequently dismissed did not constitute an estoppel as to a second action thereafter filed.

None of these cases helps us much with the question of sufficiency of the reservation of rights agreement, which is the only evidence before us that might keep the five months defense of the tort suit from constituting an estoppel against the insurer to deny coverage. The few cases bearing on sufficiency of notice are collected in 38 ALR2d, Anno., pp. 1148, 1167, but again none deals with a reservation of rights for the stated purpose of investigation and determination of value and damage,

with no mention of a reservation of rights in the area of defense of litigation. It was pointed out in U. S. Cas. Co. v. Home Ins. Co., 79 N. J. Super. 493 (192 A2d 169), that the insurer has a reasonable time to investigate the coverage angle before any estoppel will attach. And it was strongly suggested in the *Gant* case, supra, 109 Ga. App. p. 43, that where the insurer engages counsel who files pleadings and engages in a defense, or assumes a defense with knowledge of the ground of forfeiture and without such reservation, estoppel results.

Under the particular circumstances of this case, the insurer had no notice of accident until after suit was filed and the necessity for action was immediate. The reservation of rights of investigation and determination of damage certainly protected it as to the immediate action. Whether it had a continuing right for five months to continue in the defense, with knowledge of these facts, must depend on the intention of the parties and whether the form constituted a knowing acceptance by the insured of defense of the tort action under a reservation of rights by the insurer. And, since the insured is the movant in this summary judgment procedure, and the insurer entitled to the benefit of every reasonable inference, it was proper for the trial court to deny the motion, leaving this issue to be decided on the trial of the declaratory judgment action.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*