## 52479. BALLINGER v. C. & S. BANK OF TUCKER et al.

MARSHALL, Judge.

Ballinger brings this appeal from the grant of summary judgment by the trial court for and on behalf of the defendants below, the C & S Bank of Tucker and the Prudential Insurance Company of America.

The pertinent facts establish that Ballinger negotiated a loan with the C & S Bank on July 1, 1969, in an amount in excess of $4,000. He requested and was issued credit life and disability insurance by Prudential to the extent of the loan. Several days after the loan was negotiated, Ballinger was injured and suffered total disability. Ultimately, Ballinger sought to enforce the disability provisions of the credit insurance, but Prudential denied coverage and offered to return the unearned premium as required by the policy.

Prudential denied coverage inasmuch as the policy terms provided that disability payments would not be payable for any indebtedness where the debtor was not gainfully employed on the date the indebtedness was

incurred. It is undisputed that Ballinger was unemployed on July 1, 1969. Ballinger asserts that he did not furnish any information pertaining to his employment status on July 1, 1969, when the loan was negotiated. He contends that the application was completed by the loan officer at the bank from information contained on applications from earlier loans, and that any incorrect information was due to the negligence of the bank acting as agent for Prudential. In view of the incontestability clause in the basic group policy, Ballinger contends that Prudential and the bank are estopped from denying liability.

The bank and Prudential, on the other hand, contend that misinformation, whether emanating from the loan officer or from Ballinger, is immaterial. The basic group policy excludes indebtednesses incurred on a date when the debtor is unemployed. Thus, it is the contention of the bank and Prudential that the question presented by the motion for summary judgment was one of uninsurability, rather than invalidity of the policy because of misrepresentation or negligence.

Ballinger enumerates as error the grant of the aforesaid motion for summary judgment and the refusal of the trial court to strike as a defense his alleged uninsurability based upon unemployment at the time the indebtedness was incurred. *Held:*

Resolution of the question of whether the fact of unemployment at the time the credit was extended rendered the disability coverage void or was a matter of misinformation going to the validity of the contract will be determinative of both enumerations of error.

Looking to the disability rider of the insurance contract, under the general heading of "eligibility," it is provided that the classes of indebtedness eligible for insurance shall in no event include any indebtednesses where the debtor is not gainfully employed on the date such indebtedness is incurred.

Ballinger was not furnished a copy of the master group policy. However, shortly after he obtained the loan, a payment book together with a certificate of insurance was delivered by mail. The certificate of insurance referred to both the life and disability credit insurance. On page 3 of that certificate, Ballinger was advised under

a heading of "exclusions" that disability benefits would not apply to an indebtedness incurred at a time when the debtor was not gainfully employed.

Insurance is a matter of contract, and the language used is to be accorded its general and ordinary meaning, bearing in mind that the contract is to be construed in accordance with the intention and understanding of the parties, and, in construing it, the court can go no further than a fair construction of the language used will permit. *North British &c. Ins. Co. v. Tye,* 1 Ga. App. 380, 389 (58 SE 110); *Parris & Son v. Campbell,* 128 Ga. App. 165 (1) (196 SE2d 334); *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579 (1a) (168 SE2d 171). In construing a contract of group insurance we must construe together the master group policy and the certificate of insurance, for it requires both to make the contract. *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579, supra; *Barker v. Coastal States Life Ins. Co.,* 138 Ga. App. 164, 166 (225 SE2d 924).

As we perceive the credit life insurance afforded Ballinger, it guaranteed the payment of his indebtedness in the event of his death. The disability rider thereto further guaranteed a supply of cash up to the full amount of the indebtedness as a substitute for a disrupted flow of income caused by a disability. In the latter event, the insurer excepted disability payments where there was no loss of funds caused by disability, because the debtor was unemployed at the time the debt was incurred. There can be no doubt that the clear intent of the parties as manifested by the language of this contract of insurance was to exclude coverage for disability payments where the debtor was unemployed at the time the debt was incurred.

Ga. L. 1960, pp. 289, 690 (Code Ann. § 56-2509) provides that: "A clause in any policy of life insurance providing that such policy shall be incontestable after a specified period shall preclude only a contest of the validity of the policy, and shall not preclude the assertion at any time of defenses based upon provisions in the policy which exclude or restrict coverage, whether or not such restrictions or exclusions are excepted in such clause."

We conclude that neither the bank nor Prudential was precluded by the incontestable clause in this group

policy from showing that such loss was not covered within the terms and provisions of the policy because of restrictions and exclusions therein, although they would have been precluded from asserting as a defense the invalidity of the policies because of fraud in the procurement or any other ground affecting the validity of the policies as a whole. *Equitable Life Assur. Society v. Gillam,* 195 Ga. 797 (1) (25 SE2d 686); *Penn Mut. Life Ins. Co. v. Childs,* 65 Ga. App. 468 (6) (16 SE2d 103); *Gulf Life Ins. Co. v. Lanier,* 114 Ga. App. 277, 278 (151 SE2d 161).

Nor may the coverage of the policy be extended by estoppel or by waiver. The doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom. 29 AmJur 690, Insurance, § 903; *Quillian v. Equitable Life Assur. Society,* 61 Ga. App. 138 (3) (6 SE2d 108); *Life &c. Ins. Co. v. Williams,* 200 Ga. 273 (36 SE2d 753, 161 ALR 686); *Doubrly v. Carolina Life Ins. Co.,* 58 Ga. App. 178 (198 SE 76); *Life &c. Ins. Co. v. Carter,* 55 Ga. App. 622 (191 SE 153). No estoppel or waiver results from the collection and retention of premiums. *McGlothin v. U. S. Nat. Life &c. Co.,* 36 Ga. App. 325 (3) (136 SE 535); *Pacific Ins. Co. v. R. L. Kimsey Cotton Co.,* 114 Ga. App. 411, 413 (151 SE2d 541).

Applying these rules of construction to the questioned policy of insurance, we can find no ambiguity in its terms. The policy clearly excluded from coverage any indebtedness which was incurred at a time when the debtor was unemployed. Ballinger freely admits he was unemployed at the time he executed the promissory note and obtained the credit insurance.

In order to recover in this case, it was essential that Ballinger establish as one essential element of his case that he was an insured and entitled to disability payments. The bank and Prudential by their evidentiary presentation to the trial court, established the absence of any genuine issue of fact as to the unemployment of Ballinger at the time the insurance was issued simultaneously with the creation of the debt. The interpretation of the exclusionary language of the policy

was a matter of law for the court to consider and did not require a factual balancing by a jury. *Davis v. United American Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488). Under applicable principles of law, the trial court correctly concluded that disability payments under these facts were expressly excluded from the group policy and did not present a factual question of contract validity. The movants having pierced the allegations of the pleadings and shown the truth to the court, they were entitled to receive grants of summary judgment where there were no genuine issues of material fact, even though an issue might have been raised by the pleadings. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408); *Raven v. Dodd's Auto Sales &c., Inc.,* 117 Ga. App. 416 (160 SE2d 633).

*Judgment affirmed. Clark and Smith, JJ., concur.*

ARGUED JULY 7, 1976 — DECIDED SEPTEMBER 17, 1976 — REHEARING DENIED SEPTEMBER 29, 1976.

*Michael J. King, Charles H. Hyatt,* for appellant.
*King & Spalding, Ralph B. Levy, A. Felton Jenkins, Jr.,* for appellees.