## 58940. MOODY et al. v. PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY.

Banke, Judge.

The appellee insurance company filed this action for declaratory judgment seeking a determination of its obligation to defend a personal injury suit filed by the appellants, Doralene and Raymond Moody, against Mr. and Mrs. John Sapp, who were insured under a homeowner's policy issued by the company. It is undisputed that the Sapps did not notify the insurance company of the existence of the personal injury suit until the last day on which defensive pleadings could be filed

without default. The company immediately retained counsel and filed a timely answer. Several months later, it filed this declaratory judgment action, naming both the Sapps and the appellants as defendants.

The case was tried before the court without a jury, with the evidence consisting almost exclusively of stipulations made by counsel. The court entered findings of fact and conclusions of law in which it determined that the Sapps had executed a reservation of rights agreement with the insurance company approximately two weeks after the company had filed its answer to the personal injury suit; that the Sapp's insurance policy with the company did not cover intentional injuries; that the injury which was the subject of the personal injury suit was an intentional injury; and that the company was consequently not required to defend the suit. The court also determined that the appellants were in default in answering the declaratory judgment complaint, but, as indicated above, nevertheless decided the action on its merits, perhaps because the company made neither a motion to strike the answer nor a request for a default judgment. *Held:*

1. Where a liability insurer assumes and conducts the defense of an action brought against the insured with actual or constructive knowledge of a ground or forfeiture or noncoverage under the insurance policy, the insurer is thereafter estopped from asserting such forfeiture or noncoverage unless it has entered upon the defense under a reservation of rights which fairly informs the insured of its position. *State Farm &c. Ins. Co. v. Anderson,* 104 Ga. App. 815 (123 SE2d 191) (1961); *Gant v. State Farm &c. Ins. Co.,* 109 Ga. App. 41 (1) (134 SE2d 886) (1964); *Continental Ins. Co. v. Weekes,* 140 Ga. App. 791 (1) (232 SE2d 80) (1976). Although the insurance company in this case did not assert a reservation of rights at the time it filed its answer to the personal injury suit, we agree with the trial court that no estoppel resulted, since the insured's delay in notifying the company of the suit deprived the company of any prior opportunity to investigate the claim. Furthermore, the insureds expressly agreed to the reservation of rights when presented with it 16 days later. Cf. *State Farm &c. Ins. Co. v. Anderson,* supra, at 818.

2. The company's complaint for declaratory judgment stated a valid claim for relief; consequently, the trial court did not err in denying the appellants' motion to dismiss. See generally *Nationwide Mut. Ins. Co. v. Peek,* 112 Ga. App. 260 (145 SE2d 50) (1965).

3. In view of the foregoing, the question of whether the appellants were in default in answering the complaint is moot.

*Judgment affirmed. Underwood, J., concurs. Mc-Murray, P. J., concurs in the judgment only.*

SUBMITTED OCTOBER 31, 1979 — DECIDED NOVEMBER 27, 1979.

*Rudolph J. Chambless,* for appellants.
*Terry A. Dillard,* for appellee.