62318. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. WHEELER et al.

CARLEY, Judge.

Appellees filed a tort action against Joseph Marshall, the son of appellant's named insured. The defense of this action was tendered to appellant as the insurer against liability. On April 27, 1979, apparently a few days after the tort action had been filed, appellant sent to Mrs. Marshall a letter which contained the following relevant provision: "We wish to call your attention to the fact that we specifically reserve our right to deny coverage to you (and anyone claiming coverage under the policy), for the following reason(s): . . . It is questionable whether the accident arose out of the ownership, maintenance, use, loading or unloading of any vehicle insured in the policy." On May 30, 1979, Mrs. Marshall and her son executed the following document, denominated "Request for Claim Service and Non-Waiver of Rights": "Reason(s) for executing this request: . . . 2. It is questionable whether the accident arose out of the ownership, maintenance, use, loading or unloading of any vehicle insured in the policy. For the reason(s) stated above, [appellant] may have no

obligation to defend or indemnify the undersigned for claims arising out of an accident or occurrence on or about April 12, 1977 at or near Waycross and Ware County, Georgia. The undersigned request(s) and authorize(s) [appellant] to investigate, negotiate, settle, deny, or defend any claim arising out of such accident or occurrence as it deems expedient. Such action shall not waive any right the [appellant] may have to deny any obligation under the policy contract, and shall not waive any rights of the undersigned."

Thereafter, on July 7, 1979, appellant filed the instant declaratory judgment action, naming appellees and Joseph Marshall, the parties to the tort action, as defendants. Appellant sought a declaration that there was no liability coverage afforded under the policy for the injury sustained by appellee Tonnie Kay Wheeler and that it was therefore not obligated to defend Marshall in the appellees' pending tort action. The Marshalls filed no answer to the petition for declaratory relief. Appellees did answer, denying the material allegations of the petition and asserting that the injury which was the basis of their suit against Marshall was within the coverage of his mother's policy issued by appellant.

The case came on for trial before a judge and jury. Although the affirmative defense of estoppel to deny coverage had not been raised in appellees' answer, this issue was apparently tried by common consent of the parties. See *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342 (173 SE2d 723) (1970). At the close of all the evidence, the trial court directed a verdict for appellant on the issue of non-coverage. Appellees have filed no cross-appeal from this ruling by the trial court and it is therefore deemed conclusive for purposes of this appeal that Marshall is not afforded liability coverage under the policy with appellant. The trial judge refused, however, to direct a verdict for appellant on the issue of appellant's estoppel to deny coverage to the Marshalls and this question was submitted to the jury under special interrogatories. The jury found that the Marshalls had not received appellant's letter of April 27, 1979, advising them of the reservation of the right to contest coverage. In that event, the jury had been instructed to continue their inquiry and to answer the following interrogatory: "[D]o you find that the agreement dated May 30, 1979, was a waiver by the insured of the notice contained in the letter [dated April 27, 1979,] in respect to the reservation of rights by the insurance company?" The jury answered this interrogatory in the negative. Relying upon the jury's answers to these interrogatories, the trial court then entered its order containing the following conclusions of law: "[Appellant], based on the verdict of the jury, is estopped to deny liability coverage to defendant Marshall under policy number 4219-682-BO7-11C issued by [appellant] to

defendant's mother, Mary Mildred Marshall." Judgment was therefore entered for appellees. Appellant moved for judgment n. o. v. and the instant appeal is from the denial of that motion.

"It is the law of Georgia and 'the general rule supported by the great weight of authority . . . that if a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, without disclaiming liability and giving notice of its reservation of rights, it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage.' [Cits.] 'The general rule of estoppel is . . . limited by the principle that a liability insurer may avoid the operation of the rule by giving the insured timely notice that, notwithstanding its defense of the action against him, it has not waived the defenses available to it against the insured. Such notice, to be effective, must fairly inform the insured of the insurer's position, and must be timely, although delay in giving notice will be excused where it is traceable to the insurer's lack of actual or constructive knowledge of the available defense.' [Cit.] The consent of the insured to the nonwaiver notice 'either may be express or may be implied for [sic] the insured's tacit acquiescence in the insurer's unilateral reservation of rights;' e. g., where the insured, after receiving such notice, permits the insurer to continue the defense of the suit. [Cits.]" *State Farm Mut. Auto. Ins. Co. v. Anderson,* 104 Ga. App. 815, 818 (123 SE2d 191) (1961).

Applying the above stated legal principles to the facts of the instant appeal demonstrates that the case was apparently submitted to the jury under an erroneous legal theory. A review of the transcript shows that the trial judge was under the impression that the letter of April 27, 1979, was appellant's sole reservation of rights "notice" to its insureds. Based upon this understanding, the trial court determined that issues of fact therefore remained concerning whether the letter had been received and, if not, whether the bilateral agreement of May 30, 1979, was a "waiver" by the Marshalls of the notice contained in the letter. The special interrogatories were thus phrased in such a manner as to direct the jury, if they found the Marshalls did not receive appellant's "notice" of its reservation of its right to contest coverage, to then determine whether the Marshalls had "waived" that notice by entering into the agreement. When the jury found that the Marshalls had not received the letter and that the subsequent agreement was not a "waiver" of notice by the Marshalls, the trial court entered judgment for appellees on the theory that appellant was estopped to deny coverage because it had not notified its insureds of the reservation of rights and the insureds had not "waived" this entitlement to that critical notice. This theory

underlying the submission of the case to the jury under special interrogatories and the entry thereon of judgment against appellant was erroneous. The issue in the case was not whether the agreement of May 30, 1979, was a "waiver" by the insureds of appellant's notice of its reservation of rights contained in the unreceived letter of April 27, 1979. Rather, the real issue in the case, as we construe the evidence, is whether the May 30, 1979, document was itself a "timely and sufficient" reservation of rights agreement which would preclude appellees' reliance on the defense of estoppel to deny coverage. "The cases in Georgia use the disjunctive in referring to the choices available to an insurer: it may enter into [a bilateral reservation of rights] agreement *or* give a proper [unilateral] notice of reservation of rights. [Cits.]" *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 219 (231 SE2d 245) (1970). Thus, unless the evidence demonstrated that this agreement between appellant and its insureds was insufficient to avoid an estoppel to deny coverage, appellant, having obtained a directed verdict on the issue of non-coverage, was entitled to judgment to that effect as a matter of law. Cf. *Finney v. Pan-American Fire & Cas. Co.*, 123 Ga. App. 250 (1) (180 SE2d 253) (1971).

It is readily seen that the May 30, 1979, agreement "fairly inform[ed] the insured[s] of the insurer's position. [Cit.]" *Richmond,* 140 Ga. App. at 217, supra. The Marshalls agreed that appellant was reserving the right to contest coverage on "whether the accident arose out of the ownership, maintenance, use, loading or unloading of any vehicle insured in the policy," this was the very ground asserted by appellant in the instant declaratory judgment action and the basis upon which the trial court directed a verdict of noncoverage. Under these circumstances it cannot be said that the agreement was not sufficient to constitute "a knowing acceptance by the insured of defense of the tort action under a reservation of rights by the insurer." *Winters v. Government Employees Ins. Co.*, 132 Ga. App. 756, 760 (209 SE2d 32) (1974).

The evidence was likewise insufficient to demonstrate that the reservation of rights agreement was not "timely." A liability insurer is estopped to deny coverage unless it makes a reservation of its rights *prior to assuming and conducting the defense* of the action brought against its insured. *Anderson,* 104 Ga. App. at 818, supra. The pleadings in the underlying tort action between appellees and Marshall were not introduced in the instant case. There is, therefore, no evidence which would support a finding that appellant had ever "assumed" the defense of the tort action by filing defensive pleadings prior to obtaining the Marshalls' signatures on the reservation of rights agreement. See *Watts v. Kundtz,* 128 Ga. App. 797, 798 (2) (197

SE2d 859) (1973). Furthermore, even assuming appellant had filed an answer in the underlying tort action before May 30, 1979, the Marshalls "expressly agreed to the reservation of rights when [subsequently] presented with it . . ." *Moody v. Pennsylvania Millers Mut. Ins. Co.,* 152 Ga. App. 576, 577 (263 SE2d 495) (1979).

The evidence of record in the instant case would not support a finding that the agreement signed by the Marshalls on May 30, 1979, was not a timely and sufficient reservation of appellant's right to deny coverage under the policy. Appellees' estoppel defense to entry of the declaratory judgment sought by appellant was, accordingly, nonviable. Compare *Hembree v. Cotton States Mut. Ins. Co.,* 132 Ga. App. 556 (208 SE2d 568) (1974). Noncoverage under the policy being otherwise established by the directed verdict in favor of appellant, it was error to deny appellant's motion for declaratory judgment n. o. v. See *Ross v. Hall County Bd. of Commrs.,* 235 Ga. 309 (219 SE2d 380) (1975).

*Judgment reversed. Banke, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 3, 1981 —
REHEARING DENIED NOVEMBER 30, 1981 —

*Terry A. Dillard,* for appellant.
*Rudolph J. Chambless,* for appellees.