63937. ADAMSON v. McDONALD et al.

CARLEY, Judge.
Plaintiff-appellant brought suit against defendant-appellees to recover on a promissory note. Answers were filed which admitted execution of the note but which raised, by way of defense, accord and satisfaction and estoppel to assert continued liability on the note. The case was tried before a jury and a verdict was returned for

appellees. Appellant appeals from the judgment entered on this verdict.

1. Appellant enumerates the general grounds as error. The factual context and the evidence in the instant case are both convoluted and extensive. Based upon our examination of the record, we conclude that the evidence is sufficient to support the verdict in favor of appellees. See generally *Powers v. American Nat. Bank,* 113 Ga. App. 302 (147 SE2d 791) (1966).

2. Asserting that there was no evidence to support it, appellant enumerates as error the giving of a charge on the principle of equitable estoppel. "Failure by a party to exercise a valuable legal right because of an agreement with the other party is detrimental reliance which creates equitable estoppel. [Cits.]" *General Communications Serv. v. Ga. Public Serv. Comm.,* 244 Ga. 855, 856 (262 SE2d 96) (1979). See also *Insilco Corp. v. First Nat. Bank,* 248 Ga. 322 (283 SE2d 262) (1981). "Estoppel is usually an issue of fact to be decided by the jury. [Cit.]" *Vines v. Citizens Trust Bank,* 146 Ga. App. 845, 848 (247 SE2d 528) (1978). There was sufficient evidence of equitable estoppel as thus defined to authorize a charge on that legal principle. There is no merit in appellant's further assertion that the charge as given was an erroneous statement of the legal principle of equitable estoppel. See generally *Pethel v. Waters,* 220 Ga. 543 (4) (140 SE2d 252) (1965); *General Communications Serv.,* 244 Ga. 855, supra; *Insilco Corp.,* 248 Ga. 322, supra.

3. Evidence which appellant contends was erroneously admitted over his relevancy objection appears to have, in fact, been relevant to appellees' affirmative defenses. We find no error for any reason asserted on appeal in its admission into evidence. See generally *Johnson v. Jackson,* 140 Ga. App. 252, 255 (230 SE2d 756) (1976).

4. Remaining enumerations of error concern the jury charge. We find no reversible error in the charge as given or in the trial court's refusal to give certain instructions in the exact language requested by appellant.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JULY 12, 1982.

*James C. Bussart,* for appellant.

*Harry L. Cashin, Donald E. O'Brien, John C. Porter, Jr.,* for appellees.