## 64764. SOUTHEASTERN COLOR LITHOGRAPHERS, INC. et al. v. GRAPHIC ARTS MUTUAL INSURANCE COMPANY.

DEEN, Presiding Judge.

This declaratory judgment action was brought by the appellee insurance company to determine whether liability exists as to its policy with the appellant Southeastern Color Lithographers, Inc. Southeastern has been sued by the co-defendant Starnes, whose complaint alleges that he entered into an oral contract of employment with that company at a fixed salary and share of profits; that in reliance thereon he and his wife resigned their respective employments in another state, had their house appraised for sale, and journeyed to Atlanta to look for housing before being informed that the job offer was rescinded and defendants had no intention of employing him. Southeastern denies there was an anticipatory breach of an oral employment contract.

At this point the insurer brought the present action, contending there is no coverage for the alleged breach of contract and that in any event the appellant failed to give it timely notice of the incident as required by the terms of the policy. It then filed a motion for summary judgment, which was granted by the trial court, and the insured appeals.

1. The liability insurance portion of the multi-peril policy in question agrees to pay all sums the insured shall become legally obligated to pay as damages to which the insurance applies, caused by an occurrence, and to defend any suit seeking damages on account of bodily injury or property damage, even if the allegations of the suit are groundless, false or fraudulent. "Occurrence" is defined as an accident which results in property damage neither expected nor intended from the standpoint of the insured. "Property damage" means "physical injury to or destruction of tangible property" caused by an occurrence (accident). Liability assumed by the insured under a contract or agreement is excluded from coverage except for an "incidental contract." Incidental contracts are defined by endorsement as including any contract or agreement relating to the conduct of the named insured's business.

The main issue for decision on summary judgment may, under

these definitions, be stated as follows: Assuming that the insured and the plaintiff in the breach of contract action had entered into an employment agreement which was breached by the insured and which resulted in monetary loss to the plaintiff who expended certain sums in reliance on it, and assuming that the agreement related to the conduct of the insured's business, and that the loss was not intended or expected by the insured, is there coverage under the policy?

Since there is no contention that a bodily injury claim is involved, the action must be dependent on proof of an accidental occurrence resulting in property damage, meaning physical destruction, injury to or loss of use of tangible property. Unless there is such damage there is no claim which the insurer is legally bound to defend. While we are cited to no Georgia cases determining the question, the phrase "property damage" in liability insurance law has been the subject of construction in a variety of cases, all of which, under definitions substantially identical with the one here, have emphasized the tangible and physical nature of the property and the necessity for bringing it within physical three-dimensional limits. In Oyler v. State of Wyoming, 618 P2d 1042, the court dismissed without comment, other than that it was not property damage, the claim of a husband and wife who alleged that he had been offered work in another city and in reliance thereon they both left their jobs, moved to the designated city, and waited there for several days before being told that the prospective employer denied he had ever offered the employment.

It has been held, among other things, that property damage in a liability insurance policy defined as stated herein does not include:

(a) Damages to reputation and business standing. Johnston v. Tally Ho, Inc., (Del.) 303 A2d 677, 679, holding that " 'injury to or destruction of tangible property' " means that having physical substance which can be felt or touched and is necessarily corporeal in nature.

(b) An item of damage for loss of wages due to accidental injury. Pittman v. Fowler, 191 S2d 172 (11), (La.) Loss of business profits. Liberty Mutual Ins. Co. v. Consolidated Milk Producers' Assn., 354 FSupp. 879, 882; County of Monroe v. Travelers Ins. Cos., 419 NYS2d 410, 413.

(c) Losses due to reduced worker productivity following the installation of a defective heating-cooling system. Sentry Ins. Co. v. S & L Home Heating Co., (Ill.) 414 NE2d 1218, 1221.

(d) Wrongful seizure of goods stored by the plaintiff in the defendant's warehouse. General Ins. Co. v. Palmetto Bank (S.C.), 233 SE2d 699, 701.

The losses allegedly suffered by the plaintiff in this breach of

contract action are not property damages and are not covered by the appellant's insurance policy.

2. It is contended further that if coverage be found not to exist under the terms of the policy, the insurer is nevertheless bound to defend this claim because its sales agent represented to appellant after the breach of contract suit was filed that he had been assured the insurance contract in question afforded coverage for the claim asserted in said civil action and that the insurer would provide coverage for any liability ultimately found. Such statement cannot, unfortunately, change the position of the insured if no coverage exists, for coverage of the policy may not be extended by estoppel or waiver. "The doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom." *Ballinger v. C & S Bank of Tucker,* 139 Ga. App. 686, 689 (229 SE2d 498) (1976); *Rider v. Westinghouse Elec. Corp.,* 152 Ga. App. 805, 808 (264 SE2d 276) (1979). *Cotton States Life Ins. Co. v. Edwards,* 74 Ga. 220 (1884), cited by the appellant, is not relevant, as it deals with provisions in a life insurance policy which either became ineffective after the policy contract had been fully executed, or (in the case of an age discrepancy between the policy application and the proofs of death) with a waiver by the company, after knowledge of all the facts, to insist upon a forfeiture due to wilful misrepresentation. The question of coverage was not involved in that case.

*Ballinger v. C & S Bank,* supra, has to do with estoppel and waiver allegedly created by the insurer's acceptance and retention of premiums but subsequent denial of coverage when the insured made a disability claim. An exclusion appearing on the face of the policy stated that no disability payments were due an insured who was unemployed when he applied for the policy. The *Ballinger* "insured" was indisputably unemployed when his application for credit life and disability insurance was submitted to the insurer by the bank's loan officer. The bank officer inadvertently filled in the erroneous information that Ballinger was employed, and the insured, upon learning (after the claim was filed) that this information was inaccurate, informed Ballinger that he was not covered for disability and offered to return his premium.

*Ballinger* is factually distinguishable from such cases as *State Farm Mut. &c. Ins. Co. v. Anderson,* 104 Ga. App. 815 (123 SE2d 191) (1961); *Finney v. Pan-Am Fire and Cas. Co.,* 123 Ga. App. 250 (180 SE2d 253) (1971); *Hembree v. Cotton States Mut. Ins. Co.,* 132 Ga. App. 556 (208 SE2d 568) (1974). These cases all have to do with insurers which actually undertake the legal defense of the insured but

nevertheless *deny* coverage. In each case the plaintiff alleges that the insurer, having undertaken his defense, is thereby estopped from denying, or has waived the right to deny, that coverage exists. See also *Cotton States Mut. Ins. Co. v. Proudfoot,* 123 Ga. App. 397 (181 SE2d 305) (1971). In all these cases the decision as to the existence of estoppel or waiver turns on whether the insurer has given the insured sufficient and timely notice of non-waiver prior to, or at the time of, undertaking the defense.

The grant of summary judgment to Graphic Arts Mutual Insurance Co. is affirmed.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

Decided October 21, 1982.

*David W. Griffeth, Leah J. Prewett,* for appellants.

*Gary B. Blasingame, Daniel C. Haygood, Martha M. Pearson,* for appellee.