67314. PRESCOTT'S ALTAMA DATSUN, INC. et al. v. MONARCH INSURANCE COMPANY OF OHIO.

BIRDSONG, Judge.
Declaratory judgment. Monarch Insurance Company of Ohio issued two liability insurance policies to Prescott's Altama Datsun, Inc., an automobile dealer. On January 1, 1980, Jerry A. Boatwright sustained serious injuries resulting from a crash while operating an automobile purchased from Prescott's. Boatwright brought an action for damages alleging that his injuries were due to the negligence of Prescott's, Nissan Motor Company, Ltd. and Nissan Motor Corporation in U.S.A.

Monarch, Prescott's insurer, sought this declaratory judgment action naming as defendants: Prescott's, Nissan Motor Company, Ltd., Nissan Motor Corporation in U.S.A., Universal Underwriters Insurance Company and Boatwright. Prescott's had demanded that Monarch assume the defense of Boatwright's negligence action against Prescott's and pay any future judgment against Prescott's in that action. Monarch however alleged that the policies issued to Prescott's had expired at the time of Boatwright's injuries so that no coverage was provided.

Following discovery Monarch's motion for summary judgment was granted. Prescott's and Universal appeal. *Held:*

1. Under both policies Monarch would "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence. . . ." Both policies define "occurrence" as "an accident, including injurious exposure to conditions, *which results during the policy period*, in bodily injury or

property damages. . . ." (Emphasis supplied.) Prescott's and Universal argue that an ambiguity exists as to the time frame referred to since "policy period" as used in the definition of "occurrence" is not defined. However, both policies state on the declaration page: "Policy Period: From 12/12/78 to 12/12/79." Thus, it appears without ambiguity that the injury to Boatwright on January 1, 1980, occurred outside the policy period, therefore is not an "occurrence" covered by the policies.

2. Nevertheless, Prescott's and Universal contend that Monarch voluntarily assumed the defense of the negligence action against Prescott's and therefore is estopped to deny coverage. Boatwright filed his negligence action against Prescott's on December 22, 1981. Prescott's individual attorney filed Prescott's answer in the negligence action. Upon learning of the pending action Monarch filed with the clerk of the trial court on January 21, 1982, a notice of appearance to preserve its potential interests in the negligence action. From January 20, 1982, until April 12, 1982, except for the defense filed by Prescott's attorney, there was no activity initiated or other responses by Prescott's or Monarch in the negligence action.

On April 12, 1982, Boatwright filed his first interrogatories and request for production of documents to defendant Prescott's. By a letter dated April 13, 1982, Monarch was informed of these interrogatories by Prescott's and thus was presented with the first necessity for an affirmative response by Monarch. Two days later, on April 15, 1982, Monarch as its first response in the case, sent to defendant Prescott's a reservation of rights letter and only thereafter became actively involved in the defense of the negligence action against defendant Prescott's. This action for declaratory relief was filed on October 15, 1982.

The principal issue involved in this case is whether there was coverage provided by an insurance policy. By its clear and express provisions, the terms of coverage of the contract of insurance extended from December 12, 1978, until December 12, 1979, and thus, on its face, excluded an accident occurring on January 1, 1980. The trial court in its grant of summary judgment to the insurer, Monarch, rested its ruling exclusively on the ground that the accident occurred after the policy had expired. Therefore, arguments that simply by joining in as additional counsel in a defense previously filed by a defense counsel separately retained by Prescott's or filing a notice of reservation of rights three months after joining in the defense of the case, were rejected by the trial court as giving rise to a waiver or an estoppel on the part of the insurer to deny coverage or the duty to defend.

Prescott's argued that Monarch waived its rights to deny liability by joining in the defense even though it knew (or should have known)

of the defense available to it. Further because of Monarch's three-month delay in deciding on a course of action (a time of total inactivity by Boatwright, Prescott's or Monarch in the case), Prescott's argues the insurer's belated filing of a notice of reservation of rights was not timely, and estops Monarch from denying coverage.

Under the circumstances of this case, doctrines of implied waiver and estoppel based upon the conduct or inaction of the insurer are not available so as to bring within coverage of a policy a risk that is not within the terms of the policy. *Ballinger v. C. & S. Bank of Tucker*, 139 Ga. App. 686, 689 (229 SE2d 498).

*Sargent v. Allstate Ins. Co.*, 165 Ga. App. 863, 865 (1) (303 SE2d 43) expressly recognizes that waiver and estoppel are not to be used to enlarge the coverage contained in a policy of insurance, but an insurer may waive a provision of an otherwise valid policy which was inserted for the benefit of the insurer. Thus, an insurer may waive a condition or limitation (i.e., timely notice, cooperation, right to inspect, etc.) in an otherwise valid policy upon which it normally could rely to deny coverage. *Sargent* presents several situations in which an insurer may waive requirements set forth in the policy. The waiver arises from the lack of insistence by the insurer upon the limitation or condition which in effect presents a condition precedent to a viable coverage.

This is a far cry from breathing renewed life into an expired contract. "The doctrines of waiver and estoppel are not to be extended so as to make a new contract, or to radically change the terms of the policy so as to cover additional subject-matter, or causes of loss, or causes of loss expressly excluded from the coverage of the policy. Neither waiver nor estoppel can be used to create a liability not created by the contract and never assumed by the insurer under the terms of the policy." *Quillian v. Equitable Life Assurance Society*, 61 Ga. App. 138, 144 (6 SE2d 108). See also *Southeastern Color Lithographers v. Graphic Arts Mut. Ins. Co.*, 164 Ga. App. 70, 72 (2) (296 SE2d 378); *Allstate Ins. Co. v. Walker*, 114 Ga. App. 732, 733 (1) (152 SE2d 895).

In this case by the express terms of the contract of insurance, the life of the policy had expired. Thus as between Prescott's and Monarch as of January 1, 1980, there was no contractual relationship. Waiver and estoppel had nothing to act upon and vitality could not be deposited in that which did not exist.

Furthermore assuming for purposes of argument only that life could be breathed into a dead policy, this court in *Home Indem. Co. v. Godley*, 122 Ga. App. 356, 361 (177 SE2d 105), citing 7A Appleman 527, 529, Par. 4693 held: "An entry of *an appearance* for the insured by the insurer does not of itself constitute a waiver of available defenses, but the insurer is entitled to a reasonable time in which to

investigate the facts. And the insurer may withdraw from the defense upon learning of facts which constitute a policy breach, and no waiver or estoppel will arise. But the insurer is required to act seasonably in disclaiming liability and it could not delay its decision so long that the insured's rights were prejudiced thereby."

"It seems well established that, if a liability insurer's defense of an action against the insured is to work an estoppel barring the insurer from subsequently raising the defense of non-coverage, or some other defense existing at the time of the accident, it must be shown that prejudice resulted from the insurer's conduct in defending its action against the insured." 38 ALR2d 1157.

The key word is "prejudice." Monarch's sole activity prior to the filing of its reservation of rights was the neutral act of filing a notice of appearance. Thus there was nothing done by Monarch that could have prejudiced Prescott's rights or jeopardized its defense by the release of Monarch.

There being no material issues of fact as to the lack of coverage under the policy, the trial court did not err in the grant of summary judgment to Monarch. *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 602 (203 SE2d 173); *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442).

*Judgment affirmed. Quillian, P. J., Banke, Sognier and Pope, JJ., concur. McMurray, C. J., Deen, P. J., Shulman, P. J., and Carley, J., dissent.*

DECIDED MARCH 13, 1984 —
REHEARING DENIED MARCH 29, 1984 —

*Terry A. Dillard, Daniell S. Landers, Robert P. Killian, Larry M. Roth*, for appellants.

*A. Martin Kent, John V. Skinner, Jr., John M. Gayner III, Albert Fendig, Jr., Randall A. Jordan, Joseph M. Ripley, Harry B. Mahon*, for appellee.

McMURRAY, Chief Judge, dissenting.

" 'Estoppel is usually an issue of fact to be decided by the jury. [Cit.]' *Vines v. Citizens Trust Bank*, 146 Ga. App. 845, 848 (247 SE2d 528) (1978)." *Adamson v. McDonald*, 163 Ga. App. 38, 39 (2) (293 SE2d 512). The majority holds that as a matter of law "there was nothing done by Monarch that could have prejudiced Prescott's rights or jeopardized its defense," so that no genuine issue of material fact exists as to the defendant's contention that Monarch is estopped to deny coverage. As I find, within the record, evidence that Monarch's conduct has prejudiced Prescott's defense of Boatwright's negligence

action, I respectfully dissent.

" 'A liability insurer, which with knowledge of a ground of forfeiture or noncoverage under an insurance policy assumes and conducts the defense of an action brought against the insured, is thereafter estopped in an action upon the policy from asserting such forfeiture or noncoverage.' *State Farm Mut. Auto. Ins. Co. v. Anderson*, 104 Ga. App. 815 (123 SE2d 191). Accord: *Jones v. Georgia Cas. &c. Co.*, 89 Ga. App. 181 (78 SE2d 861); *State Farm Mut. Ins. Co. v. Anderson*, 107 Ga. App. 348, 351 (2) (130 SE2d 144)." *Gant v. State Farm Mut. Auto. Ins. Co.*, 109 Ga. App. 41, 43 (134 SE2d 886). If an insurer enters a defense without knowledge of the facts of noncoverage, estoppel will not necessarily arise. *Gant v. State Farm Mut. Auto. Ins. Co.*, 109 Ga. App. 41, 43, supra; *Home Indem. Co. v. Godley*, 122 Ga. App. 356, 361 (1) (177 SE2d 105). In the case sub judice, the complaint in the negligence action, which set forth the alleged date of the injury to defendant Boatwright (plaintiff in the negligence action), such date being the basis of the noncoverage alleged in the case sub judice, was delivered to Monarch before Monarch's counsel requested that his law firm be added as additional counsel for Prescott's in the negligence action. Thus, the record in the case sub judice contains some evidence of Monarch's knowledge of the facts giving rise to its noncoverage assertion prior to that time at which Monarch's counsel first assumes and conducts the defense of Prescott's.

Monarch contends that its counsel did not assume and conduct the defense until after the reservation of rights letter had been sent to Prescott's. Thus, Monarch's position is that its counsel did not "assume and conduct the defense" in the interval of time after he was added as requested upon the records of the trial court as an additional counsel of Prescott's and prior to the reservation of rights letter. Apparently an insurer's counsel "assumes" the defense of an action when he files defensive pleadings on behalf of the insured. *State Farm Mut. Auto. Ins. Co. v. Wheeler*, 160 Ga. App. 523, 526 (287 SE2d 281); *Gant v. State Farm Mut. Auto. Ins. Co.*, 109 Ga. App. 41, 42, supra. The case sub judice is somewhat different in that Prescott's answer in the negligence action was filed by Prescott's individual counsel who was not retained by Monarch, and subsequently Monarch's counsel requested to be added as additional counsel for Prescott's. Did Monarch thereby "assume" the defense of the negligence action against Prescott's? I believe that a positive answer is required as to "assume" the defense is "to take up" or to take "upon oneself" the defense. See Webster's New International Dictionary, 2d ed., Unabridged. Also see *Jones v. Ga. Cas. &c. Co.*, 89 Ga. App. 181, 186 (78 SE2d 861). By having his law firm added as additional counsel, Monarch's counsel indicated that he had undertaken the defense of Prescott's. Furthermore, I decline to accept the majority's position that, as

a matter of law, Monarch's counsel by inaction did not conduct a defense of Prescott's. Inaction is always a tactical alternative to action.

"[A]n insurer who assumes and conducts a defense with knowledge of a ground of forfeiture and without 'proper notice' of a reservation of rights estops itself . . . [and] . . . a notice of reservation of rights by an insurer must be both timely and sufficient . . ." *Winters v. Government Employees Ins. Co.*, 132 Ga. App. 756, 759 (209 SE2d 32). As there is evidence of Monarch's knowledge of the facts giving rise to the claim of noncoverage prior to January 20, 1982, when Monarch's counsel wrote a letter requesting that his law firm be added as additional counsel for Prescott's, and there is evidence that Monarch had from receipt of that letter assumed and conducted the defense of Prescott's in the negligence action, the next question is whether the reservation of rights letter dated April 15, 1982, was timely. It has been held that a period of five months without notice of a reservation of rights constitutes an estoppel. *Winters v. Government Employees Ins. Co.*, 132 Ga. App. 756, 759, supra. The period in the case sub judice is approximately three months, a shorter period but one from which it may be implied that prejudice resulted.

The majority cites *Ballinger v. C. & S. Bank of Tucker*, 139 Ga. App. 686, 689 (229 SE2d 498), for the proposition that the "doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, or its agent, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom." *Ballinger* is predicated in part upon *Quillian v. Equitable Life Assurance Society*, 61 Ga. App. 138, 144 (6 SE2d 108), also cited by the majority as authority for substantially the same concept as that for which *Ballinger* is cited. In *Southeastern Color Lithographers v. Graphic Arts Mut. Ins. Co.*, 164 Ga. App. 70, 72-73 (296 SE2d 378), we held that *Ballinger* (and by implication *Quillian v. Equitable Life Assurance Society*, 61 Ga. App. 138, 144, supra) is factually distinguishable from cases, such as the case sub judice, having to do with insurers which actually undertake the legal defense of the insured but nevertheless deny coverage. As *Southeastern Color Lithographers v. Graphic Arts Mut. Ins. Co.*, 164 Ga. App. 70, 72-73, supra, involves the application of the *Ballinger* rule which is distinguished by that case from circumstances such as in the case sub judice, I am unable to accept the reasoning of the majority in concluding that this case supports its position. See also *Sargent v. Allstate Ins. Co.*, 165 Ga. App. 863, 865 (1) (303 SE2d 43), in further support of the distinguished *Ballinger v. C. & S. Bank of Tucker*, supra (and *Quillian v. Equitable Life Assurance Society*, supra) rule. The essence of the *Sargent* case relates more to the proposition that an insurer may waive a provision of an otherwise valid policy which was inserted for the benefit of the insurer.

Genuine issues of material fact remain as to whether Monarch is barred by estoppel from denying coverage of Prescott's. Therefore, I would hold that the trial court erred in granting summary judgment to Monarch.

I am authorized to state that Presiding Judge Deen and Presiding Judge Shulman join in this dissent.