132 Ga. App. 332 (1974)
208 S.E.2d 170
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
v.
ALLSTATE INSURANCE COMPANY et al. MARTIN
v.
ALLSTATE INSURANCE COMPANY et al.
49479, 49480.
Court of Appeals of Georgia.
Argued June 26, 1974.
Decided July 10, 1974.
*334 Greer, Pollock & Klosik, Kenneth C. Pollock, Savell, Williams, Cox & Angel, Elmer L. Nash, for State Farm.
Swift, Currie, McGhee & Hiers, Samuel P. Pierce, Jr., Donald D. Smith, for Martin.
Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Edward C. Stone, for Allstate.
DEEN, Judge.
We prefer not to get into the area of whether the original letter denying coverage from Allstate to Mrs. Martin was a "condition denial" or a "strict denial," as we do not think this affects the result of this case. Appellants citing Reliance Ins. Co. v. Brooks Lumber Co., 101 Ga. App. 620 (115 SE2d 271) and like cases, contend that once the insurer has denied coverage the uncertainty has ended and the right to declaratory judgment along with it, since that right is given not as an approval of past conduct but with respect to the propriety of a future act where, without such guidance, the plaintiff's interest might be jeopardized. It represents a signal for the future, not a seal of approval (or otherwise) for the past.
The Brooks Lumber Company case affirmed the dismissal of the insurance company's action for summary judgment because of its prior unqualified refusal to pay the loss. The case is based on the logic that the insurer may not refuse to pay and then use declaratory judgment procedure as a means of avoiding bad faith penalties. In Gant v. State Farm &c. Ins. Co., 109 Ga. App. 41 (134 SE2d 886) there was a pending action and no showing whether the company was or was not defending. The court reasoned that if the company was not defending it had elected to stand on a no-coverage defense. If it was defending "it must appear that the defense is afforded under a reservation of rights, for otherwise the rights of *335 the parties have accrued in that situation." But in the present case the insurer is defending under a reservation of rights, and the two pitfalls of Gant are avoided.
It seems to us that the appellants are really urging, not that Allstate is presently failing and refusing to defend against the cases, and not that it is defending without a reservation of rights (either one of which would bar it from this action) but that, having issued an original statement that it was not liable and would not defend, it was forever precluded from a change of course. The mere entry into a reservation of rights agreement is not such a final decision as will preclude the suit. Ga. Cas. & Surety Co. v. Turner, 86 Ga. App. 418 (71 SE2d 773). Had Allstate rested on its denial of coverage it could not, of course have followed this procedure, but it did not do so. The original letter created no estoppel; Mrs. Martin is not relying upon it as representing any benefit to herself, and in fact she also participated in its supersession by signing the reservation of rights contract for defending. State Farm, the insurer of one of the plaintiffs in the tort action, suffered no detriment of which it can complain as a result of Allstate's reassessment of its legal position. The question of coverage is still in issue, and the trial court properly denied the motion to dismiss the declaratory judgment complaint.
Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.