## 66111. PADGETT v. MORAN.

SHULMAN, Chief Judge.

This action was initiated by appellee/court reporter against appellant/attorney for recovery of the takedown fee in a case in which appellant represented one of the parties. Appellant denied personal liability for the claim. A jury returned a verdict in favor of appellee for $240 in compensatory damages and $760 in attorney fees. The only issue on appeal concerns the propriety of the award of attorney fees.

We agree with appellant that the issue of attorney fees should not have been submitted to the jury. "Expenses of litigation may be allowed where the defendant has acted in bad faith, been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. [OCGA § 13-6-11 (Code Ann. § 20-1404)] . . . In contract actions, the bad faith referred to has consistently been held by Georgia courts to refer to the conduct of the defendant out of which the cause of action arose, not to his conduct in defending the suit. [Cits.] Mere failure to pay a claim is not bad faith." *Raybestos-Manhattan, Inc. v. Friedman,* 156 Ga. App. 880 (2) (275 SE2d 817). A review of the transcript reveals that there was no evidence adduced at the trial of this case indicating bad faith or stubborn litigiousness on the part of appellant in the transaction out of which this cause of action arose,

nor was there any evidence supporting the conclusion that no bona fide controversy existed concerning appellant's liability. The only evidence concerning appellant's alleged stubborn litigiousness dealt with discovery filed in his defense in this action. As *Raybestos-Manhattan, Inc.* makes clear, the Civil Practice Act contains remedies available to a party litigant when he feels he has been the subject of burdensome discovery. See, e.g., OCGA § 9-11-26 (c) (Code Ann. § 81A-126). Allowance of attorney fees pursuant to OCGA § 13-6-11 (Code Ann. § 20-1404) based upon a party's conduct in the course of litigation is wholly improper.

Accordingly, the trial court erred in failing to direct a verdict in favor of appellant on the issue of attorney fees. The award of $240 compensatory damages is unaffected by this decision.

*Judgment reversed as to the award of attorney fees only. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 30, 1983.

*Douglas R. X. Padgett,* pro se.
*Thomas K. Isaacs,* for appellee.