556 S.E.2d 486 (2001)
252 Ga. App. 391
COLONIAL INSURANCE COMPANY OF CALIFORNIA
v.
PROGRESSIVE CASUALTY INSURANCE COMPANY.
No. A01A2364.
Court of Appeals of Georgia.
November 9, 2001.
*487 Claxton & Claxton, William P. Claxton, Atlanta, for appellant.
Shur, McDuffie, Williams & Morgan, Michael L. Morgan, Atlanta, for appellee.
JOHNSON, Presiding Judge.
Progressive Casualty Insurance Company ("Progressive") brought a declaratory judgment action seeking a determination that it was not required to provide coverage or a defense to its named insured, Vaneeka Benton, and her son, Gary Benton. The Bentons were sued for damages in connection with an automobile accident which occurred while Gary Benton, an unlicensed driver,[1] was driving his mother's car. The accident involved another automobile driven by Pamela Jordan. Colonial Insurance Company of California ("Colonial"), the uninsured motorist carrier for Jordan, appeals the trial court's grant of Progressive's motion for summary judgment and the denial of its motion for the same. Because we find no error, we affirm the trial court's ruling.
The automobile accident between Gary Benton and Jordan occurred on December 28, 1996. It is undisputed that Gary Benton, an unlicensed driver, was driving his mother's car, which was insured by Progressive. On January 23, 1997, a senior claims representative with Progressive informed Vaneeka Benton that the investigation of the accident was complete and that the accident was not covered under the Progressive policy because Gary Benton was an unlicensed driver at the time of the accident. On June 16, 1998, Jordan filed suit against the Bentons, seeking damages for personal injuries resulting from the collision. Progressive defended the Bentons under a reservation of rights and thereafter filed this declaratory judgment action and stay of the Jordan suit.
1. Colonial enumerates as error the denial of its motion for summary judgment, arguing that since Progressive expressly denied coverage of the claim, it was barred from pursuing the declaratory judgment action. It also argues that Progressive failed to comply with conditions precedent before filing the declaratory judgment action. We find no error.
Under Georgia law, a declaratory judgment[2] is permitted to determine a controversy before obligations are repudiated or rights are violated.[3] However, as the Supreme Court has pointed out, when an insurance *488 company has already denied a claim, declaratory judgment is not available to it.[4] Here, in a letter sent to Vaneeka Benton approximately one month after the automobile accident, Progressive wrote:
Please be advised we have completed our investigation into the above-captioned accident. Based on the information that we have available at this time, it appears an unlicensed operator, Gary Benton, was driving your vehicle at the time of this accident without your permission. Under your personal auto policy, liability coverage and duty to defend does not apply to bodily injury or property damage caused by any person using your insured car without your permission. Based upon the reasons stated above, we are denying coverage for the subject claim at this time. However, if you disagree with our position and/or can provide additional information that may have a bearing on this issue, please inform us immediately and we will reconsider our position. Please consider this to be a qualified denial letter.
Colonial contends that by denying coverage, Progressive is estopped from seeking a declaratory judgment because the denial served to fix the rights of the parties and, as such, there is no actual or justiciable controversy. Progressive, however, contends that the letter sent to Vaneeka Benton was a qualified refusal and subject to change. It further maintains that even if the letter was a strict denial letter, because Progressive undertook to defend the Bentons in the underlying lawsuit under a reservation of rights, it is not estopped from seeking declaratory judgment. We agree with Progressive.
While an insurance company's denial of coverage before it seeks guidance under a declaratory judgment suggests no uncertainty as to future acts and thus no need of direction from the court,[5] we cannot say that "having issued an original statement that it was not liable and would not defend, it was forever precluded from a change of course."[6] In the present case, Progressive initially issued a letter of denial indicating that it would reconsider its position if presented with additional information. When the damage action was subsequently filed, Progressive began defending the Bentons under a reservation of rights, filed a declaratory judgment action, and pursued a stay of the damage action.[7] Had Progressive simply rested on its denial of coverage, it could not have sought a declaratory judgment. But because it did not do so, the letter denying the claim created no estoppel.[8] Furthermore, Colonial "suffered no detriment of which it can complain as a result of [Progressive's] reassessment of its legal position. The question of coverage is still in issue."[9] The trial court did not err in denying Colonial's motion for summary judgment on this ground.
Colonial also contends that Progressive is barred from pursuing the declaratory judgment action because it failed to follow the conditions precedent for doing so as outlined in Richmond v. Ga. Farm &c. Ins. Co.[10] However, Colonial did not make this argument below, and we cannot consider it for the first time on appeal.[11] "We are limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at the trial level."[12] Accordingly, we find that the trial court properly denied Colonial's motion for summary judgment.
2. Colonial contends that the trial court erred in granting Progressive's motion for *489 summary judgment. On appeal, Colonial argues that: (1) Progressive's policy language required that the mother have actual knowledge that her son was an unlicensed driver, (2) the Bentons' admissions could not be used against a co-defendant[13] and (3) the admissions create a genuine issue of material fact regarding Progressive's denial of coverage. However, the only argument presented below in opposition to Progressive's motion for summary judgment was the question of whether the Bentons' admissions regarding permission created a genuine issue of material fact with respect to Progressive's denial of coverage.
It is well settled that this Court cannot consider alleged errors not raised in the trial court.[14] "This Court reviews enumerations to correct errors committed by trial courts. It lacks jurisdiction to consider arguments presented for the first time on appeal."[15] Accordingly, the only issue properly before this Court is whether the Bentons' admissions regarding permission created a material issue of fact thus prohibiting the grant of summary judgment to Progressive.[16]
In the instant case, Progressive's insurance contract with Vaneeka Benton contained the following exclusions:
Liability coverage and duty to defend does not apply to: ... 3. Bodily injury or property damage caused by any person using your insured car without your permission.... 13. Bodily injury or property damage caused by your insured car when it is driven, operated or used with your permission by a person whom you know: a. Is under the minimum age to obtain a driver's license; or b. Does not have a valid driver's license; or c. Has a suspended driver's license; or d. Has a revoked driver's license.
Progressive sent out requests for admissions to the Bentons to establish whether Gary Benton was an unlicensed driver using the car with his mother's permission or if he was a non-permissive user. The Bentons never responded to Progressive's requests for admissions, never objected to the requests, never appeared at any of the scheduled depositions, and never moved to withdraw the admissions.
The Bentons' admissions establish that Gary Benton did not have a valid driver's license and that Vaneeka Benton knew that Gary Benton did not have a valid driver's license on December 28, 1996. The Bentons also admitted that Vaneeka Benton "gave Gary Benton permission to drive the insured vehicle on December 28, 1996 with knowledge that he did not have a valid driver's license." At the same time, they admitted that Vaneeka Benton "did not give Gary Benton permission to drive the insured vehicle on December 28, 1996 as an unlicensed driver."
Progressive contends that based on the admissions, the policy exclusions preclude coverage under two alternative theories: either (1) Gary Benton was an unlicensed driver with permission, or (2) he was a non-permissive driver. Colonial argues that the admissions create conflicting and contradictory evidence on a material fact in that they establish that Gary Benton was both a permissive and non-permissive driver. According to Colonial, this dispute creates a question for a jury to decide. We do not agree.
Although, by their failure to answer, the Bentons have admitted both that Gary Benton was a permissive unlicensed driver and that he was a non-permissive unlicensed driver, either of which would preclude coverage, this does not represent a conflict in a material fact.[17] Because it is undisputed that Benton *490 was an unlicensed driver at the time of the accident, whether he obtained his mother's permission to drive the car is inconsequential. Progressive's policy excluded coverage in either circumstance. A review of the entire record reveals that there are no genuine issues of material fact to be decided by a jury. Thus, the grant of summary judgment to Progressive was proper.
Judgment affirmed.
RUFFIN and ELLINGTON, JJ., concur.
NOTES
[1] Although Gary Benton is characterized as a minor, the record does not reveal if Gary Benton swas unlicensed because he was underage at the time of the automobile accident or if he was unlicensed for some other reason.
[2] OCGA § 9-4-1 provides that the purpose of the provisions pertaining to declaratory judgments "is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." See Famble v. State Farm Ins. Co., 204 Ga.App. 332-333(1), 419 S.E.2d 143 (1992).
[3] Chastain v. U.S. Fidelity &c. Co., 190 Ga.App. 215, 216(1), 378 S.E.2d 397 (1989).
[4] See Atlanta Cas. Co. v. Fountain, 262 Ga. 16, 18, 413 S.E.2d 450 (1992).
[5] Adams v. Atlanta Cas. Co., 225 Ga.App. 482, 484(1), 484 S.E.2d 302 (1997).
[6] State Farm &c. Ins. Co. v. Allstate Ins. Co., 132 Ga.App. 332, 335, 208 S.E.2d 170 (1974).
[7] Compare Empire Fire &c. Ins. Co. v. Metro Courier Corp., 234 Ga.App. 670, 507 S.E.2d 525 (1998) (insurer faced no uncertainty as to its rights because it denied coverage, did not defend its insured, and judgment had already been entered in the damage action).
[8] See State Farm, supra.
[9] Id.
[10] 140 Ga.App. 215, 231 S.E.2d 245 (1976).
[11] Cotton States Mut. Ins. Co. v. Stallings, 235 Ga.App. 212, 213(a), 508 S.E.2d 688 (1998).
[12] (Citation and punctuation omitted.) Id.
[13] OCGA § 9-11-36(b).
[14] Fisher v. Marvin Reese Cos., 231 Ga.App. 487(1), 499 S.E.2d 411 (1998).
[15] (Citations omitted.) Jones v. Dykes, 231 Ga. App. 110, 111(3), 497 S.E.2d 828 (1998).
[16] See OCGA § 9-11-56(c) (summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").
[17] See Chelena v. Ga. Fed. Sav. &c. Assn., 256 Ga. 336, 337, 349 S.E.2d 180 (1986) (as long as a genuine issue of fact is not a material fact, summary judgment is proper).