A03A1073. SINGLETON v. WILBURN.
A03A1574. IN RE ESTATE OF LEVEL.
(584 SE2d 659)

BLACKBURN, Presiding Judge.

These related appeals concern the identity of the legal widow of Jay Ellis Level, Jr. (Decedent) and the resulting ownership of a house titled in his name at the time of his death in October 1999. In both cases, the first a dispossessory proceeding originating in superior court and the second a year's support determination originating in probate court, Jayketa Singleton, as administratrix of the estate of Jay Ellis Level, Jr., and Shirlee Wilburn, who purports to be Decedent's second wife, contend that they should be granted title to the property in question. For the reasons set forth below, we affirm in both of these related cases.

*Case No. A03A1073*

In this case which sprang from a dispossessory action in superior court, Singleton, as administratrix, appeals a jury's finding that Wilburn, who claims to be the legal second wife of Decedent, holds some equity interest in the home she shared with Decedent at the time of his death and, therefore, cannot be immediately evicted from the home. Singleton contends that the trial court erred by denying her

motions for a directed verdict and a judgment notwithstanding the verdict with regard to such equity interest. We disagree.

On appeal from a trial court's rulings on motions for directed verdict and j.n.o.v., we review and resolve the evidence and any doubts or ambiguities in favor of the verdict; directed verdicts and judgments n.o.v. are not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a certain verdict.

(Punctuation omitted.) *Paul v. Destito*.[1]

Viewing the evidence in this light, the record shows that, in 1955, Decedent legally married Ellen Virginia Level, and, some years later, he abandoned her while she was pregnant with their fifth child. At trial, Ellen Virginia Level testified that Decedent never divorced her. Although she had lived in only two different homes for over thirty-six years, she had never received any notice of divorce from her husband, and she had never initiated any divorce proceedings on her own.

After abandoning Ellen Virginia Level, Decedent met Wilburn and purportedly married her in March 1967, using the name "Chico Level" and fraudulently claiming on the marriage license that he was not married. In June 1990, Decedent and Wilburn purchased the home which they had been renting for a number of years, and the title was placed in Decedent's name. Wilburn remained in the house following Decedent's death in 1999.

Wilburn testified that, from the outset, both she and Decedent made payments on the mortgage for their home from a joint checking account, and she continued to make all of the payments following Decedent's death. The evidence indicated that, at the time of trial, some equity had been built up in the house.

Ellen Virginia Level and her daughter, Singleton, found out that Decedent had died from an obituary in the local paper. Singleton was subsequently appointed administratrix of his estate and claimed title to the home in question. Wilburn, who contended that she was the legal wife of Decedent, refused to leave the home or provide Singleton with access thereto in order to prepare an inventory of the estate's assets. This conflict resulted in the case now before us.

Based on the evidence discussed above, the jury in the ensuing trial reached two specific determinations: (1) Ellen Virginia Level was legally married to Decedent at the time of his death and (2) Wilburn retained some equitable interest in the home she shared with

[1] *Paul v. Destito*, 250 Ga. App. 631 (550 SE2d 739) (2001).

Decedent and was entitled to remain in possession thereof until the extent of her interest could be determined. It is this latter issue on which Singleton contends that the trial court erred by denying her motion for a directed verdict.

As an initial matter, we point out that the jury's determination that Ellen Virginia Level was the legal wife of Decedent at the time of his death has not been challenged by Wilburn in this appeal. Moreover, having reviewed the record, we find that the jury was authorized to make this finding. See OCGA § 19-3-2 (3).

As we find some evidence that Wilburn and Decedent shared the responsibility for mortgage payments on the home, we find no error in the trial court's decision to let the issue go to the jury. *Destito*, supra. As stated above, there was evidence that Wilburn and Decedent paid the mortgage on the home through a joint bank account, and after Decedent's death, Wilburn continued to make the payments with Singleton's knowledge and approval. This provides some evidence, though slight, which would authorize the jury to determine that, to some extent, Wilburn had some equitable interest in the home through a constructive trust theory. See OCGA § 53-12-93 (a). Accordingly, the trial court did not err by denying Singleton's motions for a directed verdict and j.n.o.v.

### Case No. A03A1574

Following the trial court's grant of year's support to Ellen Virginia Level from the estate of Decedent, Wilburn appeals, contending that: (1) Ellen Virginia Level's petition for year's support was not timely and (2) the trial court erred by including the home occupied by Decedent and Wilburn in the year's support order. Because Wilburn failed to challenge Ellen Virginia Level's petition for year's support below, we affirm.

On April 4, 2001, Wilburn filed a petition for year's support from the estate. On April 19, 2001, Ellen Virginia Level also filed a petition for year's support. On June 13, 2001, the trial court granted Ellen Virginia Level's petition; however, on June 22, 2001, it set that order aside when it realized that it had not considered the competing petition.

In the meantime, the dispossessory lawsuit discussed above was initiated by Singleton in order to force Wilburn to vacate the home in question. Subsequent to the jury's finding in the dispossessory action, Wilburn dismissed, without prejudice, her petition for year's support. On the same day, the trial court granted Ellen Virginia Level's petition. It is this order which Wilburn now wishes to appeal.

The record shows, however, that Wilburn never challenged Ellen Virginia Level's petition in the court below. Although she filed her

own motion for year's support, she later withdrew it, and she did not caveat Ellen Virginia Level's petition at any time. Even if we pretermit the question of whether Wilburn has standing to bring the present appeal, there is no evidence of record that the trial court considered any of the arguments she now raises in the proceedings below. "We are limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at the trial level." (Punctuation omitted.) *Colonial Ins. Co. of California v. Progressive Cas. Ins. Co.*[2] As such, Wilburn has waived her arguments, and she has provided this Court with nothing to consider.

*Judgments affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JUNE 27, 2003.

*Scott Walters, Jr.*, for Singleton.
*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison*, for Wilburn.

---

[2] *Colonial Ins. Co. of California v. Progressive Cas. Ins. Co.*, 252 Ga. App. 391, 393 (1) (556 SE2d 486) (2001).