A04A1900. VARA et al. v. ESSEX INSURANCE COMPANY.
(604 SE2d 260)

ELDRIDGE, Judge.

On August 8, 2001, John Vara was sued by his landlord, Ralph Hodges, for negligently causing a fire that started the sprinkler system that Vara negligently installed and maintained, and such negligent conduct damaged Hodges d/b/a Industrial Marine Diesel's new and rebuilt parts inventory; also, the rental agreement contained an indemnification agreement. On September 13, 2001, Vara was served. The facts are set forth in more detail in *Hodges v. Vara*, 268 Ga. App. 815 (603 SE2d 327) (2004).

---

On October 15, 2001, Essex Insurance Company, the insurer, hired a lawyer to defend and an answer was filed. Subsequently on June 1, 2002, Hodges amended to add I. E. Lee, Inc., the named insured, as an additional defendant. Essex gave written notice to Vara and I. E. Lee, Inc. that there was no coverage; that Essex would not cover the claims; that it would not provide a defense; and that the attorney had been instructed to abandon the case. On November 8, 2002, Vara and I. E. Lee, Inc. filed their third-party action against Essex and Risi Insurance Services, Inc. On February 28, 2003, Essex answered, denying all liability.

Subsequently, Essex unilaterally asserted that "while agreeing to assume the defense of the claims alleged in the new Complaint, Essex reserves its rights to deny coverage under the above referenced policy" and "reserve[s] its right to deny that coverage exists for any and all claims made by the plaintiff in the new complaint. Such a denial may include a denial of the duty to indemnify the insured as well as a denial of the duty to defend the insured in this case." Essex had been advised that some of the claims asserted by Hodges could come within the policy coverage. Neither Vara nor I. E. Lee, Inc. agreed to Essex's attempt at reservation of rights.

Essex filed its motion for summary judgment as to the third-party action, contending that "the Insured suffered absolutely no prejudice during the time that the Insured defended themselves." The trial court granted Essex's motion for summary judgment.

The sole enumeration of error is that the trial court erred in granting summary judgment to the third-party defendant on the third-party plaintiff's claim for indemnity. We agree and reverse.

a. Essex gave written notice to Vara and I. E. Lee, Inc. that there was no coverage under the policy and that it would not defend further. Under *Munday v. State Farm Fire & Cas. Co.*, 172 Ga. App. 382, 385-386 (2) (323 SE2d 193) (1984), this notice immediately gave the Plaintiffs the right to institute a third-party action against the insurer to determine whether or not the insurer had a duty to indemnify the insureds in the suit. While the time for indemnification had not been determined from the underlying tort action, third-party actions accelerate such time and allow such determination of indemnity to occur at the same time that liability is determined as a matter of judicial economy and to avoid inconsistent results. Id. at 386.

The question of impleading an insurer can arise only in that limited class in which the insurer has disclaimed liability and refused to defend on behalf of the insured. *Argonaut Ins. Co. v. Atlantic Wood Indus.*, 187 Ga. App. 471, 475-477 (370 SE2d 765) (1988), rev'd on other grounds, *Atlantic Wood Indus. v. Argonaut Ins. Co.*, 258 Ga. 800 (375 SE2d 221) (1989).

Thus, when the third-party action was instituted, Essex both denied indemnity and refused to defend. Having taken a legal position to deny coverage and a defense, the insurer has fixed its rights, because if there exists coverage under the terms of the policy, then it has breached the two duties under the agreement, i.e., the duty to indemnify and the duty to defend. *Argonaut Ins. Co. v. Atlantic Wood Indus.*, supra at 475. In *Drawdy v. Direct Gen. Ins. Co.*, 277 Ga. 107 (586 SE2d 228) (2003), the Supreme Court clearly stated that, when the insurance company denies coverage and refuses to defend, the rights and duties have become fixed so that there exists no uncertainty for a declaratory judgment action to make certain. As in this case, in point of time, the insurer fixed its rights and duties by taking a position by denying coverage and a defense before it sought to assert a defense under reservation of rights. Id. at 109-110. "The law is well established that 'declaratory judgment is not available where a judgment cannot guide and protect the petitioner with regard to some future act — as where an insurance company has already denied a claim. (Cits.)' [Cit.]" Id. at 109. Therefore, it cannot subsequently, unilaterally assert that it will defend under a reservation of rights and thereby negate its breach of contract; such action of defending would only serve to mitigate its damages regarding its duty under the insurance contract to defend. See id.; see also *Colonial Ins. Co. of California v. Progressive Cas. Ins. Co.*, 252 Ga. App. 391, 392-393 (1) (556 SE2d 486) (2001).

Further, with full knowledge of the facts, an insurer who assumes and conducts an initial defense without written notification to the insured that such defense is tendered under a reservation of rights by the insurer, is deemed estopped to assert the defense of noncoverage and is deemed to have waived its right to deny liability under the policy. *State Farm &c. Ins. Co. v. Wright*, 137 Ga. App. 819, 821 (224 SE2d 796) (1976). Likewise, risks outside the terms of the insurance policy or risks excluded under the policy may be waived and estoppel applied where the insurer provides a defense without first giving notice of a reservation of rights to the insured. See *Prescott's Altama Datsun, Inc. v. Monarch Ins. Co. &c.*, 253 Ga. 317, 318 (319 SE2d 445) (1984), aff'd, 170 Ga. App. 545 (317 SE2d 845) (1984).

b. Under OCGA § 9-11-14, when the insurer has denied coverage to its insured and has refused to defend, the insured may implead into the suit the insurer, by a third-party action, because the insurance policy is an indemnity agreement that if there is coverage then such policy will indemnify the insured against the liability claims of the plaintiff-claimant and be an asset available to satisfy any judgment

against the insured. See *Argonaut Ins. Co. v. Atlantic Wood Indus.*, supra at 476-477; see also *Munday v. State Farm Fire & Cas. Co.*, supra at 386.

> In applying the foregoing analysis to the facts in this case — specifically, [the insurer's] denial of coverage coupled with its refusal to defend [the defendant/third-party plaintiff] in this action — we are persuaded that the trial court erred in dismissing appellant's third-party indemnity claim against [the insurer]. We are buttressed in this holding by the policy of the Civil Practice Act, that it "shall be construed to secure the just, speedy and inexpensive determination of every action." [OCGA § 9-11-1.] In expounding this policy, our courts have held that the impleader provisions are to be liberally construed to avoid multiplicity of actions, to save time and cost of reduplication of evidence and to assure consistent results from similar evidence and common issues.

(Citation, punctuation and emphasis omitted.) *Munday v. State Farm Fire & Cas. Co.*, supra at 386 (2). Thus, in *Kirsch v. Jones*, 219 Ga. App. 50 (464 SE2d 4) (1995), this court restated the well established law a "third-party complaint must be against one who is or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim against him. OCGA § 9-11-14 does not allow the tender of another defendant who is or may be liable to the plaintiff." (Citation and punctuation omitted.) Id. at 52 (2). Under the facts of this case, Essex, as the insurer third-party defendant, is or may be liable to Vara and I. E. Lee, Inc. as the insureds under an indemnity insurance agreement, as the third-party plaintiff if Hodges, the plaintiff, recovers a judgment against them; the third-party action is the proper legal procedure to make such determination. See *Munday v. State Farm Fire & Cas. Co.*, supra. "The object of [OCGA § 9-11-14] was to facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense and the labor of many suits and many trials." (Citations and punctuation omitted.) Id. at 384 (2).

c. Whenever a contract has been breached, if there are no special damages that can be proven, then nominal damages are recoverable. OCGA § 13-6-6; *Hadden v. Southern Messenger Svc.*, 135 Ga. 372, 374 (3) (69 SE 480) (1910); *Crawford & Assoc. v. Groves-Keen, Inc.*, 127 Ga. App. 646, 650 (194 SE2d 499) (1972). "The action by the principal against the insurance agent in contract is based solely on the breach of duty and may, therefore, be maintained in the absence of actual damages for nominal damages only." (Citation omitted.) *Hoffman v. Ins. Co. of North America*, 241 Ga. 328, 329 (245 SE2d 287) (1978).

Thus, the trial court erred in granting summary judgment on the issue of damages, i.e., no prejudice to the insured by the insurer resuming a defense under a reservation of rights, because at the minimum, the breach of contract, if proven, entitled the insureds to recover nominal damages where the denial of coverage and of a defense occurred, even if the insured subsequently sought to mitigate its damages by resuming the defense.

*Judgment reversed. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 1, 2004 — 

*Walter D. Adams*, for appellants.

*Alston & Bird, Jonathan B. Davis, Whelchel, Brown, Readdick & Bumgartner, Gregory T. Carter*, for appellee.