## A06A1913. FREE v. LANKFORD & ASSOCIATES, INC.
### (643 SE2d 771)

PHIPPS, Judge.

Lankford & Associates, Inc., a court reporting service, brought this suit against Benjamin Free to recover $410.40 for services rendered in taking down and transcribing depositions in certain litigation in which Free acted as counsel. In defending this suit, Free argued, among other things, that his clients in the litigation were solely responsible for payment of the deposition costs, and he moved to add them as parties. The court denied Free's motion and entered judgment against him for $851.10 in principal and interest, $1,500 in attorney fees, and $198.01 in litigation expenses. After granting Free's application for discretionary appeal, we vacate the award of principal and interest, reverse the award of attorney fees and litigation expenses, and remand for further proceedings.

Free represented Bill and Heidi Earle in business litigation against Luke and Amanda Ferber. After Free received notice that the Ferbers' attorney was going to take the Earles' depositions, Free decided in consultation with the Earles to take the Ferbers' depositions. Pursuant to arrangements made by the Earles' attorney, the depositions were taken down in September 2000 by a court reporter employed as an independent contractor by Lankford.

In October 2000, Lankford sent Free an $860.40 bill for taking down and/or transcribing the parties' depositions in the Earle case. In

March 2001, Free made a partial payment by check in the amount of $450. Nothing, as shown by the record in this case, appears to have happened for over three years until, by letter dated September 10, 2003, Lankford informed Free that if, within the next ten days, he did not pay an attached invoice dated October 16, 2000 and showing an unpaid $410.40 balance for services rendered in the Earle case, it would sue him in magistrate court. Free did not make payment as requested and, on September 26, Lankford brought suit against him in magistrate court. By letter dated September 30, Free informed Lankford that his records showed that the $410.40 had been paid; that he was unable to obtain confirmation from the Earles because they had moved; and that he was unable to obtain any cancelled checks evidencing payment because of the amount of time that had elapsed; but that "[i]f you want to try to work something out on this bill, I will gladly try to rectify the issue to protect our long standing relationship regardless of the accuracy of the bill." Free was not served with process in the suit in magistrate court until several days after he had written the above letter.

In magistrate court, Free filed an answer and a motion to add the Earles as parties. That motion was granted in an order signed by the judge but not filed with the clerk of court. Later, in April 2004, Lankford voluntarily dismissed its suit against Free in magistrate court and simultaneously filed a complaint against Free in superior court, seeking payment of the $410.40 plus interest, attorney fees, and litigation expenses. Free answered, asserting numerous defenses. Over six months later, he filed a motion to add the Earles as necessary parties. After the court denied Free's motion, the case came on for a bench trial, after which the court entered the judgment appealed.

1. The trial court correctly ruled that Free is contractually liable to Lankford for the court reporting services it rendered in the Earle litigation.

The facts in *Brown & Huseby, Inc. v. Chrietzberg*[1] are similar to those here. In *Brown & Huseby*, a court reporting service sued an attorney for the cost of preparing copies of depositions in cases in which the attorney had acted as counsel. As here, the attorney argued that because he had acted in the capacity of an agent for clients who were known to the court reporter, he was not personally liable to the court reporter. But in *Brown & Huseby*, as here, the attorney admitted that he had ordered copies of certain of the depositions.

[1] 242 Ga. 232 (248 SE2d 631) (1978).

The rule, as taken from OCGA § 10-6-87[2] and as applied in cases such as *Verhey v. Cook*,[3] is that where an agency is known but credit is expressly given to the agent, he is personally responsible upon the contract. Our Supreme Court in *Brown & Huseby* held that whether credit had been expressly given to the attorney as agent for his clients was a question for the trier of fact. In addition, however, *Chambliss v. Hall*[4] recognized that an agent who makes a contract with the express *or implied* understanding with the other party that he is binding himself individually will become individually liable on the contract. In this case, the trial court held that, nothing more appearing, an attorney who asks a court reporter to take down or transcribe the depositions of parties in litigation does so with the implied understanding that he will be responsible for paying the court reporter for those services, even if the attorney was acting only as counsel for others in the litigation. We find no error in that ruling.

2. For a number of reasons, however, the trial court erred in denying Free's motion to add the Earles as parties. To begin with, OCGA § 9-11-14 (a) allows a defendant, as a third-party plaintiff, to bring into the action a person not a party to the action who is or may be liable to the defendant for all or part of the plaintiff's claim. Although leave of court is required if the third-party complaint is filed later than ten days after service of the third-party plaintiff's original answer, "the impleader provisions are to be liberally construed to avoid multiplicity of actions, to save time and cost of reduplication of evidence and to assure consistent results from similar evidence and common issues."[5] And "[a] co-obligor to a contract is a necessary party who should be joined in the action, pursuant to OCGA § 9-11-19 (a), where possible."[6] Moreover, Free's claim that the Earles had made partial payment to Lankford also rendered the Earles necessary parties for adjudication of this dispute. It follows that the court prematurely held Free liable to Lankford for the $851.10 in principal and interest, and we vacate that award.

3. The court erred in holding Free liable to Lankford for attorney fees and litigation expenses.

---

[2] OCGA § 10-6-87 provides, "Where the agency is known and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case."

[3] 142 Ga. App. 280 (1) (235 SE2d 678) (1977).

[4] 113 Ga. App. 96, 99 (2) (147 SE2d 334) (1966).

[5] *Vara v. Essex Ins. Co.*, 269 Ga. App. 417, 420 (604 SE2d 260) (2004) (citation and punctuation omitted).

[6] *Turner Outdoor Advertising v. Old South Corp.*, 185 Ga. App. 582, 583 (2) (365 SE2d 149) (1988) (citation omitted).

Lankford sought an award of litigation expenses including attorney fees under OCGA § 13-6-11 on grounds that Free had acted in bad faith, had been stubbornly litigious, or had caused Lankford unnecessary trouble and expense. The evidence was insufficient, however, to support an award on any of these grounds. Statutory bad faith refers to conduct of the defendant out of which the cause of action arose.[7] Here there is no evidence that Free acted in bad faith in the transaction underlying this suit. And although a defendant who exhibits a "so sue me" attitude becomes stubbornly litigious so as to cause the plaintiff unnecessary trouble and expense by forcing him to bring suit if no bona fide controversy exists,[8] OCGA § 10-6-87 and *Brown & Huseby* provided Free with a legitimate argument that the Earles were solely responsible for payment of the deposition costs.[9] Moreover, Free did not exhibit a "so sue me" attitude, as he advised Lankford of his willingness to "work something out" long before Lankford filed the complaint in superior court; and there is no indication in the record that Lankford responded to Free's offer before filing suit in superior court. Therefore, we reverse the award of attorney fees and litigation expenses and remand the case to the trial court for further proceedings.

*Judgment vacated in part and reversed in part, and case remanded. Smith, P. J., and Ruffin, J., concur.*

DECIDED MARCH 6, 2007 —
RECONSIDERATION DENIED MARCH 20, 2007 — 

*Benjamin C. Free*, pro se.
*Barry L. Fitzpatrick*, for appellee.

---

[7] *Padgett v. Moran*, 167 Ga. App. 244 (306 SE2d 96) (1983).
[8] See *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522 (191 SE2d 317) (1972).
[9] See also *Padgett v. Moran*, supra.
[1] *Andrews v. State*, 276 Ga. App. 428, 430 (1) (623 SE2d 247) (2005).