**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE:** Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 29, 2019**

# In the Court of Appeals of Georgia

A19A1404. ROBERTS et al. v. DUPONT PINE PRODUCTS, LLC.   RI-048

RICKMAN, Judge.

Hugh W. Roberts and NHF Farms sued DuPont Pine Products, LLC for breach of an indemnification agreement between DuPont and Hubert Moore Lumber Company, Inc. Dupont answered, denied liability, and asserted several affirmative defenses. Roberts and NHF Farms moved for summary judgment. Following a hearing, the trial court issued an order denying the motion for summary judgment and dismissing the complaint based on three of DuPont's affirmative defenses. Roberts and NHF Farms appeal from that order. They contend that the trial court erred in granting summary judgment to DuPont sua sponte without providing them full and fair notice and an opportunity to respond. Alternatively, Roberts and NHF Farms contend that the trial court erred in dismissing their complaint sua sponte based on

DuPont's affirmative defenses because it was not clear from the pleadings that their claims could not succeed as a matter of law. For reasons that follow, we reverse the trial court's sua sponte dismissal of the complaint.

In their complaint, Roberts and NHF Farms alleged the following: In 2011, Georgia Lumber Marketers, LLC, executed a promissory note and commercial loan agreement in favor of Southeastern Bank in the principal amount of $750,000. At the time, Roberts was a principal of Georgia Lumber. The Georgia Lumber loan was secured in part by a deed to secure debt from NHF Farms to Douglas National Bank, and Roberts is the principal of NHF Farms. Georgia Lumber advanced funds to Hubert Moore Lumber to finance lumber inventory. When Hubert Moore Lumber defaulted on its obligation to repay those funds, it agreed to assume Georgia Lumber's debt obligations to Southeastern Bank and began making payments on those obligations.

In March 2013, DuPont purchased the assets and liabilities of Hubert Moore Lumber. As part of that transaction, DuPont and Hubert Moore Lumber entered into an indemnification agreement, which provided that DuPont would keep current certain notes (listed in Exhibit A to the agreement) on which Hubert Moore Lumber was obligated to prevent any default and keep the lenders from taking any legal action

2

on those notes against Hubert Moore Lumber or "the Principals and/or Guarantors or any other parties legally obligated on said [n]otes." The debt owed to Southeastern Bank was included in Exhibit A to the indemnification agreement. In October 2013, Southeastern Bank assigned Georgia Lumber's promissory note and other loan documents to Douglas National Bank. In January 2015, Roberts and NHF Farms received statutory notice from Douglas National Bank that due to a default in the underlying note and the deed to secure debt signed by Roberts and NHF Farms, the entire balance was being accelerated, and payment in full was required. In February 2015, Douglas National Bank began advertising its notice of sale under power of NHF Farms' property. All documents referenced in the complaint were attached as exhibits thereto.

Based on the foregoing, Roberts and NHF Farms alleged that they were third-party beneficiaries of the indemnification agreement between DuPont and Hubert Moore Lumber and were entitled to enforce the terms of that agreement. Roberts and NHF Farms further alleged that DuPont breached the indemnification agreement by failing to keep current on all notes on which Hubert Moore Lumber was obligated to prevent any default and any legal action against any parties legally obligated on said

3

notes. As a result of DuPont's alleged breach, Roberts and NHF Farms alleged that they suffered damages.

After conducting discovery, Roberts and NHF Farms moved for summary judgment on their breach of contract claim. The trial court held a hearing on the motion, which was not transcribed, and then denied the motion.[1] In the same order, the trial court ordered that the relief sought in DuPont's first, second, and third affirmative defenses is "proper and hereby GRANTED" and dismissed the complaint.

1. Roberts and NHF Farms initially contend that the trial court erred in granting summary judgment to DuPont sua sponte without giving them full and fair notice and opportunity to respond. They argue that in dismissing the complaint, the trial court considered matters outside the pleadings, and that we should therefore treat the dismissal as a grant of summary judgment for which notice and an opportunity to respond are required.

When a trial court dismisses a complaint for failure to state a claim, whether pursuant to motion or sua sponte, it "may consider exhibits attached to and incorporated into the complaint and answer. But if matters outside the pleadings are

---

[1] Roberts and NHF Farms do not contend on appeal that the trial court erred in denying their motion for summary judgment, and we therefore do not address that ruling.

presented to and not excluded by the court, the motion must be treated as one for summary judgment, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by OCGA § 9-11-56." (Citations omitted.) *Minnifield v. Wells Fargo Bank, N.A.*, 331 Ga. App. 512, 514 (2) (771 SE2d 188) (2015). It is true that the trial court relied on affidavits submitted by DuPont in denying the motion for summary judgment filed by Roberts and NHF Farms.[2] But there is no indication that the trial court considered matters outside the pleadings and the exhibits thereto in reaching its decision to dismiss the complaint. Cf. *Petree v. Dept. of Transp.*, 340 Ga. App. 694, 700 (1) (798 SE2d 482) (2017) (trial court erred by relying on evidence outside the pleadings to dismiss plaintiff's claims) (physical precedent only). Accordingly, Roberts and NHF Farms have not shown that the trial court's dismissal was a summary judgment ruling for which notice and an opportunity to respond were required. See generally *Lord v. Lowe*, 318 Ga. App. 222, 223 (741 SE2d 155) (2012) (Courts are authorized to consider documents attached to pleadings

---

[2] DuPont submitted affidavits from its chief financial officer and a loan officer at Douglas National Bank. Both affiants stated that the loan at issue was not in default in January 2016, but neither addressed the default that took place in January 2015 or how it was cured.

when ruling on a motion to dismiss without converting the motion into one for summary judgment.).

2. Roberts and NHF Farms contend that the trial court erred in dismissing their complaint sua sponte based on DuPont's affirmative defenses, arguing that it was not clear from the pleadings that their claims could not succeed as a matter of law.

A trial court has the authority to dismiss claims sua sponte if it can determine from the pleadings that the claims cannot succeed as a matter of law. See *Perry Golf Course Dev. v. Housing Auth. of City of Atlanta*, 294 Ga. App. 387, 392-393 (6) (670 SE2d 171) (2008). Here, without explanation, the trial court dismissed the complaint sua sponte based on DuPont's first three affirmative defenses – failure to state a claim upon which relief can be granted, lack of privity of contract, and failure to include necessary and indispensable parties.

"We review a trial court's sua sponte order of dismissal de novo." (Citation and punctuation omitted.) *9766, LLC v. Dwarf House, Inc.*, 331 Ga. App. 287, 289 (1) (771 SE2d 1) (2015). "[W]hen we assess the sufficiency of the complaint on appeal, we must accept the allegations of fact that appear in the complaint and view those allegations in the light most favorable to the plaintiff." (Citation, punctuation, and footnote omitted.) *Speedway Motorsports, Inc. v. Pinnacle Bank*, 315 Ga. App. 320,

6

321 (727 SE2d 151) (2012). And "[a] motion to dismiss for failure to state a claim can properly be granted upon an affirmative defense only when the elements of the defense are admitted by the plaintiff or completely disclosed on the face of the pleadings." (Citation and punctuation omitted.) Id. at 323 (1).

DuPont's first affirmative defense is that the complaint fails to state a claim upon which relief can be granted. A complaint must contain, at a minimum, "[a] short and plain statement of the claims showing that the pleader is entitled to relief; and . . . [a] demand for judgment for the relief to which the pleader deems himself entitled." OCGA § 9-11-8 (a) (2). The short and plain statement of the claims

> must include enough detail to afford the defendant fair notice of the nature of the claim and a fair opportunity to frame a responsive pleading. If a complaint gives the defendant fair notice of the nature of the claim, it should be dismissed for failure to state a claim only if, as our Supreme Court has explained, its allegations disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle the plaintiff to the relief he seeks. Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

(Citations and punctuation omitted.) *Benedict v. State Farm Bank, FSB*, 309 Ga. App. 133, 134 (1) (709 SE2d 314) (2011).

7

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." (Citation and punctuation omitted.) *Houghton v. Sacor Financial*, 337 Ga. App. 254, 256 (1) (a) (786 SE2d 903) (2016). The breach of contract claim against DuPont is based on DuPont's alleged failure to comply with its obligations under the indemnification agreement with Hubert Moore Lumber, Roberts' and NSF Farms' claim to be third-party beneficiaries of that agreement, and damages allegedly suffered by Roberts and NSF Farms as a result of DuPont's breach. The complaint, coupled with the exhibits thereto, adequately put DuPont on notice of the breach of contract claim being asserted against it, and the trial court erred to the extent that it found that the complaint failed to state such a claim. See *Roberts v. JP Morgan Chase Bank*, 342 Ga. App. 73, 77 (1) (a) (802 SE2d 880) (2017); *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 755 (2) (b) (751 SE2d 545) (2013).

DuPont's second affirmative defense is lack of privity of contract. In their complaint, Roberts and NHF Farms allege that they are third-party beneficiaries of the indemnification agreement between DuPont and Hubert Moore Lumber and are therefore entitled to enforce the terms of the agreement. They base this allegation on

8

DuPont's agreement to keep current certain notes on which Hubert Moore Lumber was obligated and their legal obligation allegedly arising from one of those notes. Thus, they are not claiming to be in privity of contract with DuPont but are alleging third-party beneficiary status. See OCGA § 9-2-20 (b) (beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract); *Northen v. Tobin*, 262 Ga. App. 339, 344 (2) (b) (585 SE2d 681) (2003) ("third-party beneficiary need not be specifically named in a contract; the dispositive issue is whether the parties' intention to benefit the third party is shown on the face of the contract"). Accordingly, the trial court erred by dismissing the complaint based on lack of privity of contract.

DuPont's third affirmative defense is failure to include necessary and indispensable parties, specifically Georgia Lumber and Hubert Moore Lumber. As a general rule, "a plaintiff has no obligation to anticipate and plead away any defenses in his complaint." *Speedway Motorsports*, 315 Ga. App. at 323 (1). "Consequently, if the facts alleged in the complaint affirmatively prove a defense, a court may dismiss the complaint based upon the defense, but if the facts alleged in the complaint merely fail to affirmatively disprove a defense, no dismissal is warranted." Id. Here, the complaint alleges and the indemnification agreement shows that DuPont is the sole

9

obligor on the portion of the indemnification agreement relied upon by Roberts and NHF Farms to support their third party beneficiary breach of contract claim. Cf. *Free v. Lankford & Assoc.*, 284 Ga. App. 328, 330 (2) (643 SE2d 771) (2007) (co-obligor to contract is necessary party who should be joined in the action where possible). In addition, the complaint does not assert claims on behalf of Georgia Lumber or against Hubert Moore Lumber. Thus, the allegations of the complaint do not affirmatively prove a failure to include necessary and indispensable parties, and the trial court therefore erred by dismissing the complaint on that basis. See *Speedway Motorsports*, 315 Ga. App. at 323-324 (1).

*Judgment reversed. Miller, P. J., and Reese, J., concur.*